PEOPLE v. DIAMOND.

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.
   In a prosecution for pandering in violation of Act No. 389, Pub. Acts 1919, error in the admission of evidence, *held*, to necessitate a reversal of the case.[1]

2. SAME—FORMER JEOPARDY—DISCHARGING JURY—ABUSE OF DISCRETION.
   In reviewing the action of the trial court in granting

[1]Criminal Law, 17 C. J. § 3752.

the motion of the prosecutor to discharge the jury in a criminal case, the question for determination is not the wisdom of the course pursued, but whether there was sufficient basis for the court's decision, and where no abuse of discretion is shown, the defendants are not entitled to their discharge under their plea of former jeopardy under Art. 2, § 14, of the Constitution.[2]

Error to recorder's court of Detroit; Faust (John), J. Submitted April 16, 1925. (Docket No. 110.) Decided June 18, 1925.

Loucia Diamond and George Diamond were convicted of pandering, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the Detroit house of correction. Reversed.

*John W. L. Hicks*, for appellants.

*Andrew B. Dougherty*, Attorney General, *Robert M. Toms*, Prosecuting Attorney, and *Eugene A. Walling*, Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendants review their conviction and sentence on a charge of pandering, in violation of Act No. 389, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 15500), by writ of error. At the hearing in this court, the prosecuting attorney confessed error. We have examined the record with care, and are satisfied that such errors occurred in the admission of evidence as warranted this concession and necessitate a reversal.

The defendants were first put on trial on October 2, 1924. After a jury had been sworn and a witness examined in part, a recess for luncheon was taken. When court reconvened, the jury were discharged for the reason hereafter stated. Another jury was impaneled and sworn. Defendants entered a plea of former jeopardy, which was overruled. The assignment of error based on such action must be con-

---

[2]Criminal Law, 16 C. J. § 405, 17 C. J. § 3587.

sidered, because, if the plea should have been sustained, it must result in the discharge of the defendants.

The record discloses that when the court reconvened after luncheon on October 2d, the prosecutor, in the absence of the jury, stated to the court that he had been informed that "the daughter of the defendants was at the lunch table with two of the jurors." This daughter, Mrs. Stevens, was questioned by the court. She stated, in answer to a question, "How did you happen to do that?" "I don't know. I just sit there. You know, we don't find no place and we just stop there." On being asked if she recognized the men at the table as jurors, she said, "I seen them sit in the chair." When afterwards asked, "You knew when you sat at the table that they were jurors in this case?" she answered, "No, I didn't," and, on being pressed, "Are you sure of that?" said, "I am sure." She was then asked if she talked with the men, and answered, "No." Later, she was again asked, "Were you talking to these two jurymen?" She answered, "I never said nothing. I am telling you the God's truth." "Did they tell you anything?" "The man said, 'Have you got any case?' I said, 'Yes, it is my mother's case.' That is all. I have nothing to say more." This was followed by a private conference between the court, the prosecutor and the defendants' attorney. The jury were then called in. The two jurors were questioned. They stated that two ladies, one of them being Mrs. Stevens, sat down at the same table with them, that "some remarks passed back and forth," and that one of them said she was the daughter of the two defendants on trial, and that one of the jurors said to her, "You better had say nothing to us, because we are one of the jurors." After deliberation, the trial court concluded that the interests of justice required the discharge of the jury.

The constitutional provision (art. 2, § 14) relating to former jeopardy, and the decisions of this court construing it, were considered in a recent case by Mr. Justice STEERE (*People* v. *Schepps, ante,* 260).    It was there pointed out that a jury may be discharged, pending the trial, only in cases "where a manifest necessity arises or *facts are discovered showing in the opinion of the court that the ends of public justice would otherwise be defeated.*"    It was also said that—

"This court is not required to pass upon the wisdom of the course the trial court pursued, but upon whether there were sufficient circumstances shown for a basis of the trial court's decision," etc.

What occurred necessitated the exercise of the court's judicial discretion in granting or denying the motion of the prosecutor.    Unless there was a clear abuse of such discretion, we should not order these defendants discharged.    Had the trial proceeded without any reference to what occurred in the cafe, it would, doubtless, as stated by the jurors, have made no impression upon them.    The result of the investigation conducted, and properly so, by the court could but have left them impressed with the thought that the opinions they might express in the jury room as to the guilt or innocence of the defendants would be closely scrutinized by their fellow jurors and the conclusion they reached commented upon at the close of the trial.    The trial court had the opportunity, denied to us, of seeing the parties interrogated, observing their frankness, and observing the effect of what occurred not only upon the two jurors but upon the rest of the panel.    After due consideration, we are unwilling to say that there was such an abuse of discretion on his part in ordering the jury discharged as should have caused him to sustain the plea of former jeopardy.

The conviction and sentence are reversed and set

aside, and a new trial granted.    The defendants, if serving their sentence, will be remanded to the custody of the proper officials of Wayne county, to await such trial.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.