PEOPLE *v.* FREEMAN.

1. CRIMINAL LAW—DEMONSTRATIVE EVIDENCE.
   Demonstrative evidence is admissible in a prosecution for crime
   if it is helpful in throwing light upon any material point in
   issue.

2. HOMICIDE—PHOTOGRAPHS OF CORPSE—ADMISSION IN EVIDENCE—
   SELF-DEFENSE.
   Photographs of corpse showing 6 bullet holes in body of homicide
   victim, each circled in white paint and 1 hole containing a
   probing instrument, *held*, admissible in prosecution for murder,
   where such demonstrative evidence had a bearing on a material
   issue, defendant's claim of self-defense (CL 1948, § 750.316).

Appeal from Monroe; Wiepert, Jr. (William J.),
J. Submitted Division 2 January 14, 1965, at Lan-
sing. (Docket No. 230.) Decided April 19, 1965.

Leroy Freeman was convicted of murder in the
first degree. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Paul E. Braun-
lich,* Prosecuting Attorney, for the people.

*Dunn & Dunn* (*V. Mosser Dunn,* of counsel), for
defendant.

QUINN, J. Defendant-appellant was tried on a
charge of first-degree murder* in Monroe county

---

* CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).—REPORTER.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur, Evidence § 718.
[2] 20 Am Jur, Evidence § 728.

circuit court July 14, 15, and 16, 1958, and was found guilty thereof by jury verdict. He was sentenced to life imprisonment. February 13, 1963, he filed application for leave to file a delayed motion for new trial and a motion for new trial. The application for leave was granted and the motion for new trial was denied by order dated April 17, 1963. Defendant-appellant sought and obtained leave to appeal but review was limited to the following question:

"Where each bullet hole in the corpse of the deceased has been circled with white paint and a probing instrument of some nature was placed in a bullet hole in the upper chest region and subsequently photographs were taken of the corpse in this condition, were such photographs admissible in evidence?"

Defendant-appellant owned and operated a tavern in Monroe. During an altercation in the tavern, he shot and killed Henry Cain. About two hours after the shooting and at Maurice Funeral Home in Monroe, photographs of the corpse were taken showing six bullet holes in the body of Cain; each hole had been circled with white paint and a probing instrument had been inserted in one hole. These photos were admitted at trial over objection as people's exhibits 4, 5, and 6. Defendant-appellant defended on a claim of self-defense.

Both counsel agree that the proper rule applicable to the admissibility of exhibits 4, 5, and 6 is found in *People* v. *Becker* (1942), 300 Mich 562. The Supreme Court there said (p 565):

"The general rule upon the admissibility of this kind of evidence is that it is admissible if helpful in throwing light upon any material point in issue."

A material point in issue was defendant-appellant's claim of self-defense. Exhibits 4, 5, and 6

were helpful in throwing light on this claim. They were properly admitted.

The trial court's denial of defendant-appellant's motion for new trial is affirmed.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.