KUISEL *v.* FARRAR.

1. JURY—VOIR DIRE—COURTS.
   Trial court, when itself conducting *voir dire* examination of prospective jurors, is required to give sufficiently detailed factual information to the jurors so that they can intelligently answer the questions presented.

2. SAME—VOIR DIRE.
   Claim that trial court erred in its *voir dire* examination of jurors by failing to relate factual statement submitted by counsel, *held*, without merit, where trial court adequately informed jurors of factual situation involved, there being no requirement that specific requests of counsel be given.

3. SAME—VOIR DIRE—DISCRETION OF COURT.
   The latitude of *voir dire* interrogation is largely a matter of judicial discretion.

4. SAME—COURT RULES—VOIR DIRE—CONDUCT BY COURT.
   Conduct of *voir dire* examination by the court is specifically allowed under the court rules (GCR 1963, 511.3).

5. SAME—VOIR DIRE—CONDUCT BY COURT.
   There is no authorization or requirement in the court rules that a judge, when conducting *voir dire* examination himself, must ask the exact questions presented by a party (GCR 1963, 511.3).

6. SAME—VOIR DIRE—DISCRETION OF COURT—SPECIFIC AMOUNT.
   Neither error nor an abuse of discretion was committed by trial court, conducting *voir dire* examination, in failing to question jurors, as requested by plaintiff, as to whether they would be willing to give damages in a specified amount.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–7] 31 Am Jur, Jury §§ 136, 138, 139.
[8–10] 23 Am Jur 2d, Depositions and Discovery §§ 104, 106, 112, 113.

7. SAME—ABUSE OF DISCRETION.

Conduct of *voir dire* examination by trial court *held*, neither error, nor an abuse of discretion, where trial court adequately informed jurors of the factual situation involved which, together with the questions submitted, covered substantially the same information as questions requested by counsel and counsel had access to the jury questionnaires answered by the individual jurors, since there was ample information available for the intelligent exercise of peremptory challenges, as demonstrated by the statement of counsel, at the conclusion of *voir dire* examination, that plaintiff was satisfied and that he had nothing further.

8. DEPOSITIONS—UNAVAILABILITY OF WITNESSES—OPPONENT—EVIDENCE.

The general rule that the witness must be shown unavailable for testifying in court before his deposition may be used as affirmative evidence does not apply to a party's use of his party opponent's deposition, since every statement of an opponent may be used against him as an admission without calling him (GCR 1963, 302.4[2]).

9. SAME—COURT RULES—OPPOSITE PARTY.

The court rules specifically provide for introduction into evidence of the deposition of an opposite party, without calling him as a witness (GCR 1963, 302.4[2]).

10. SAME—REVERSIBLE ERROR.

Refusal of trial court to allow plaintiff to introduce deposition of a defendant present in court as affirmative evidence *held*, reversible error (GCR 1963, 302.4[2]).

Appeal from Oakland; Pratt (Philip), J. Submitted Division 2 December 8, 1966, at Lansing. (Docket No. 1,557.) Decided April 25, 1967. Leave to appeal denied July 5, 1967. See 379 Mich 770.

Complaint by Harold Kuisel, individually, and as next friend of Mary F. Kuisel, a minor, his daughter, against James H. Farrar and James Victor Farrar to recover damages as the result of personal injuries sustained by Mary F. Kuisel while a guest passenger in an automobile owned by James H. Farrar and driven by James Victor Farrar. Verdict and judg-

ment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Richard G. Eubank,* for plaintiff.

*Patterson, Patterson, Barrett & Whitfield (Edward P. Barrett* and *Robert G. Waddell,* of counsel), for defendants.

McGregor, J. This appeal was instituted after the lower court ordered that the plaintiffs-appellants take nothing based on a jury verdict of no cause of action.

Two issues are involved in this appeal. The first issue involves the scope and procedures of *voir dire* examination of prospective jurors. The second involves the right of appellants' attorney to present all or part of appellees' discovery deposition as part of the plaintiffs-appellants' affirmative case, under the provisions of GCR 1963, 302.4(2), when the party who gave the deposition is in court and available to testify personally.

Mary Kuisel was injured while a passenger in an auto driven by appellee James Victor Farrar, son of appellee James H. Farrar, who owned the automobile. The injury occurred when the auto left a gravel road at high speed, traveled through a ditch, and struck a tree. It is undisputed that another passenger in the auto had asked Farrar to slow down and that the road was rough and slippery. The younger Farrar, in his discovery deposition, made certain statements which the appellants were anxious to present to the jury as damaging admissions. Appellees' attorney, at the outset of the case, asked the trial court for a precautionary order that the appellants could not present any of Farrar's deposition to the jury. The trial judge ruled the deposition

could not be used as evidence if the party who gave the deposition was in court and could be called as an adverse witness.

Attorney for the appellants presented a brief statement of facts and several questions which he requested be used on the *voir dire* examination. The trial court did not give the facts as worded by the appellant, nor did the court use all of the questions submitted by the appellant. Eliminated, for example, was a question mentioning a specific amount of damages ("Would you have any hestitation in awarding $100,000 for these injuries, and if so, why?"). The trial court gave the facts on *voir dire* that there had been an automobile accident involving the appellee's auto, that the appellant's minor daughter was a passenger in the appellee's auto, that the automobile went off the road and struck a tree, that the daughter suffered severe personal injuries thereby, and that the condition of the road was rough and slippery at the time of the accident. The court is required to give sufficiently detailed factual information to the jurors so that they can intelligently answer the questions presented on their *voir dire* examination. Such a requirement was fulfilled by the trial judge.

The trial court did not use the exact questions submitted by the appellants' attorney but, together with the court's own questions, the questions presented covered substantially the material portions as to enable the appellant to exercise his challenges. The appellants' attorney had access to the questionnaires answered by the individual members of the whole jury panel, which contained 48 questions pertaining to personal history. The questionnaires gave the appellants' attorney ample additional information upon which to base his challenges. While a fair range of latitude must be allowed in putting questions

to a jury, as suggested by counsel, the latitude of *voir dire* interrogation is largely a matter of judicial discretion. *Darr* v. *Buckley* (1959), 355 Mich 392, *People* v. *Lockhart* (1955), 342 Mich 595, *Church* v. *Stoldt* (1921), 215 Mich 469. The question thus becomes whether the court abused its discretion in the conduct of the *voir dire* examination.

We find no merit in the contention that the trial judge should not conduct a *voir dire* examination himself, as such a procedure is specifically allowed under the court rules. GCR 1963, 511.3. There is no authorization or requirement in the court rules that a judge must ask the exact questions presented by a party.

"It is well settled that just as it is not error to refuse to give a charge in language requested, so it is not error on *voir dire* examination of jurors to decline to ask a proffered question in the precise language presented." *Sias* v. *General Motors Corp.* (1964), 372 Mich 542, 550.

We find no abuse of discretion in the trial court's omission of the question which stated the specific sum. *Spelker* v. *Knobloch* (1958), 354 Mich 403. We find no abuse of discretion by the trial court concerning the *voir dire* examination. The *voir dire* examination by the trial judge was competent and sufficiently thorough to allow the parties to exercise intelligent challenges. The appellants exercised 4 of their 5 allowed peremptory challenges. At the conclusion of the *voir dire* examination, the attorney for the appellants stated, "The plaintiff is satisfied," and that he had nothing further.

The appellees rely strongly on the case of *Ruhala* v. *Roby* (1966), 2 Mich App 557, for the argument that depositions of a party cannot be presented as affirmative evidence when the party is in court and

available to be called as an adverse witness.   The
appellees seek an interpretation of the *Ruhala Case*
beyond its narrower holding.   The *Ruhala Case* was
recently explained by this Court in *Genesee Mer-
chants Bank & Trust Co.* v. *Payne* (1967), 6 Mich
App 204, 206:

"In *Ruhala* there were two defendants, Roby and
Burditt.   Plaintiff sought to introduce the deposition
of Burditt (who was present in court) and Roby's
counsel objected to that part of the deposition which
was adverse to Roby's position.   The effect of the
court's ruling was that although his deposition could
be admitted as an admission against himself, Bur-
ditt's deposition could not be admitted as an *admis-
sion* against Roby, and if the plaintiff wanted Bur-
ditt's *testimony* against Roby, the plaintiff would
have to call him as his witness.   We concluded that
this ruling was correct."

The correct rule is stated in 5 Wigmore on Evi-
dence (3d ed), § 1416, at p 194:

"The general rule that the witness must be shown
unavailable for testifying in court does not apply to
a party's use of his *party opponent's deposition*
*  *  *  for the simple reason that every statement
of an opponent may be used against him as an *ad-
mission* without calling him."

This statement is in accord with GCR 1963, 302.4
(2) and *Genesee Merchants Bank & Trust Co.* v.
*Payne, supra.*

It is the opinion of this Court that while no rever-
sible error was committed in the conduct of the *voir
dire* examination, it was reversible error under the
circumstances as detailed herein to rule that the dep-
osition of a party could not be used by a party op-
ponent when the party who gave the deposition was
available and in court.

The judgment of the trial court is reversed and this case is remanded with orders to grant a new trial. Costs to appellants.

T. G. KAVANAGH, P. J., and J. H. GILLIS, J., concurred.