PEOPLE *v.* JENKINS.

1. CRIMINAL LAW—CHANGE OF VENUE—DISCRETION OF COURT.

   The grant of a change of venue in a criminal case is in the discretion of the trial court, is limited, and is capable of review only where there is an abuse of discretion manifestly subversive of justice.

2. SAME—CHANGE OF VENUE—DISCRETION OF COURT.

   Discretion in the trial court to grant a change of venue in a criminal case is not a personal, arbitrary discretion, but rather a legal discretion to be exercised according to established and well-known principles of law.

3. VENUE—CHANGE—IMPARTIAL JURY—PROCEDURE.

   Approved procedure to be followed on motion for change of venue because of prejudicial publicity in local newspapers is for trial court to reserve ruling on motion until an attempt is made to impanel a fair and impartial jury.

4. JURY—NEWSPAPER AND RADIO REPORTS—PREJUDICE.

   Jurors who have heard or have read of a criminal case, without more, are not disqualified as jurors in the case, and their inclusion does not deny defendant a fair trial (CL 1948, § 768.10).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  21 Am Jur 2d, Criminal Law §§ 427, 428.
[3, 9]  21 Am Jur 2d, Criminal Law §§ 426–428.
[4, 5]  31 Am Jur, Jury § 221.
[6]  21 Am Jur 2d, Criminal Law §§ 234, 235.
[7]  31 Am Jur, Jury § 217.
[8]  21 Am Jur 2d, Criminal Law §§ 220, 222, 234–236.
[10]  31 Am Jur, Jury § 138.
[11, 12]  31 Am Jur, Jury §§ 138–140.
[13, 14]  29 Am Jur 2d, Evidence §§ 785, 787.
[15]  26 Am Jur, Homicide §§ 284, 455; 46 Am Jur, Robbery § 50.
[16]  29 Am Jur 2d, Evidence §§ 440, 1162, 1178.

5. Same—Opinions—Prejudice—Challenge.
   A juror who has formed an opinion may not be challenged for cause providing the opinion is not positive in character and he may render an impartial verdict (CL 1948, § 768.10).

6. Same—Right to Jury—Impartial Jury.
   The right to a jury trial guarantees to the person accused of crime a fair trial by a panel of impartial jurors who render a verdict on evidence presented at the trial (CL 1948, § 768-.10).

7. Same—Qualifications—Due Process—Criminal Law.
   Jurors need not be without impression or opinion in a criminal case to accord the defendant due process of law, but they must be able to lay aside their impressions and base their verdict on the evidence (CL 1948, § 768.10).

8. Same—Evidence—Burden of Proof—Impartiality of Juror.
   A trial held where .the jury is under the influence of strong community feeling and there is a pattern of deep and bitter prejudice denies due process of law, but the burden of showing the existence of these conditions is upon the challenger (CL 1948, § 768.10).

9. Trial—Community Feeling.
   Denial of a change of venue or of a continuance in trial for armed robbery and murder where the only evidence presented was that there were newspaper articles and that some of the jurors had read or heard of the case *held*, proper, this showing without more being insufficient.

10. Jury—Voir Dire Examination—Discretion of Court.
    The latitude of *voir dire* interrogation of jurors is largely a matter of judicial discretion.

11. Same—Voir Dire Examination—Unqualified Question as to Prejudice or Bias.
    Denial of a request of defendant's counsel in prosecution for armed robbery and murder that judge ask the jury on *voir dire* examination "how they would decide the case if the testimony were equally divided" where the court had asked the jurors if they could render a fair and impartial verdict *held*, not error (CL 1948, §§ 750.316, 750.529, 768.10).

12. Same—Voir Dire Examination—Specific Matters of Law.
    Questions of specific matters of law to be asked on *voir dire* could be designed to entrap, influence, or commit jurors, and such questions are more properly within the province of the trial judge's instructions.

13. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—PHOTOGRAPHS.

Admissibility of photographic evidence of a potentially inflammatory nature in prosecution for armed robbery and murder is dependent upon whether it accurately depicts that which it represents and whether it is helpful in throwing light on any material issue (CL 1948, § 750.316; CLS 1961, § 750.529).

14. SAME—EVIDENCE—ADMISSIBILITY—PHOTOGRAPHS—PREJUDICE.

A photograph may be admitted in a prosecution for armed robbery and murder if its value as evidence outweighs its possible prejudicial effect, or may be excluded if its prejudicial effect may well outweigh its probative value (CL 1948, § 750.316; CLS 1961, § 750.529).

15. SAME—ARMED ROBBERY—MURDER—EVIDENCE.

Evidence presented in prosecution for armed robbery and murder *held,* sufficient to support a verdict of guilty (CL 1948, § 750-.316; CLS 1961, § 750.529).

16. SAME—ALIBI—WITNESSES.

Alibi witnesses *held,* not to constitute an alibi as a matter of law, as the jury is not bound to believe the witnesses who testify in favor of defendant's defense of alibi where there is testimony to the contrary.

Appeal from Genesee; Parker (Donn D.), J.  Submitted Division 2 November 7, 1967, at Lansing. (Docket No. 1,869.)  Decided March 26, 1968.  Leave to appeal denied June 24, 1968.  See 381 Mich 757.

Sidney Jenkins was convicted of murder and armed robbery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*Edwin W. Jakeway,* for defendant.

McGregor, J. This is an appeal from Genesee county circuit court. Defendant was tried and convicted of armed robbery[1] and murder[2] in the perpetration of robbery. This robbery, in which 2 people were killed and others were wounded, purportedly caused a great deal of notoriety in the community. The robbery took place on September 17, 1965, and the trial was held on December 1, 1965. At commencement of trial, defense counsel made a motion for continuance, or, in the alternative, a change of venue. Both motions were denied. *Voir dire* commenced and it was found that a substantial number of those jurors interviewed had read or heard of the case. After the jury was selected and sworn, the defense renewed its motion for a change of venue, which was denied. The prosecution presented its case, consisting of testimony of those present during the robbery, the investigating police officers, and a pathologist. Defense presented its case, consisting of an accounting of defendant's actions during the time following the robbery, and two alibi witnesses accounting for his presence elsewhere at the time of the robbery. The jury returned a verdict of guilty.

Defendant raises several claims of reversible error: the first is that his motion for change of venue was improperly denied in the face of extensive radio, television and newspaper coverage. Of the publicity complained of, all we have is the testimony that there were some radio broadcasts and copies of newspaper articles. The articles recount the happening, describe the gunman as a frenzied killer, carry a picture of the defendant describing him as a suspect, and relate the state of proceedings against defendant on another charge.

---

[1] CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).
[2] CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

The grant of a change of venue is in the discretion of the trial court. This discretion is limited and capable of review where there is an abuse of discretion manifestly subversive of justice. *People* v. *Swift* (1912), 172 Mich 473. Discretion in the trial court is not a private, arbitrary or personal discretion, but must be exercised according to the established principles of law. *People* v. *Gage* (1915), 188 Mich 635. The better rule as to the course of action to be taken where there is a motion for change of venue is reservation of a decision by the trial court on the motion until an attempt has been made to obtain a fair and impartial jury. *People* v. *Dailey* (1967) 6 Mich App 99.

Jurors who have heard of or have read of the case, without more, are not disqualified as jurors, and their inclusion does not deny defendant a fair trial. See *People* v. *Quimby* (1903), 134 Mich 625; *People* v. *Schneider* (1944), 309 Mich 158; *People* v. *Dailey, supra.* A juror who has formed an opinion may not be challenged for cause, providing the opinion is not positive in character, and he may render an impartial verdict. CL 1948, § 768.10 (Stat Ann 1958 Rev § 28.1033). In this case, all jurors who sat stated that they had no fixed opinion as to the guilt or innocence of the accused and that they could render a fair and impartial verdict.

Counsel refers us to a decision on due process of law as provided by the 14th Amendment, regarding a fair trial, as binding on our determinations in this matter. It is true that a trial judge may not allow the press to interfere with the course of trial or allow the decision to be based on extraneous publicity. *Sheppard* v. *Maxwell* (1966), 384 US 333 (86 S Ct 1507, 16 L Ed 2d 600). This situation, however, is not alleged to be present in this case.

We deal with the problem of prior information and community feeling as affecting a defendant's right to a fair trial. We are referred to and examine in detail the decision of *Irvin* v. *Dowd* (1961), 366 US 717 (81 S Ct 1639, 6 L Ed 2d 751), and regard it as controlling. In American and Anglo-Saxon jurisprudence there is the invaluable right to jury. It must be a panel of impartial jurors. There must be a fair tribunal which renders a verdict on evidence presented at trial for a proceeding to meet the minimum standards of due process. It is not necessary that they be without impression or opinion. They must, however, be able to lay aside their impressions and base their verdict on the evidence. Where there is strong community feeling and a pattern of deep and bitter prejudice in the community, the influence of that opinion makes a strong impression, nearly impossible to detach from the mental processes of the average man. Trial under such influence denies due process. The burden of showing the existence of these conditions is on the challenger.

The defense has shown that there were newspaper articles and that some of the jurors had read or heard of the case. This showing, without more, is not sufficient. Defense presents no evidence of a strong community feeling. The trial judge in the community has his senses and personal knowledge of the community to detect this community feeling. An appellate court has only the cold record upon which to rely. There must be a definite, clear showing of abuse of discretion to overturn the trial judge's decision to commence or to acquiesce in the continuance of a trial. Such a showing has not been made in this case either in the denial of a change of venue or in the denial of a continuance. The first claims of error are resolved against the defendant.

Defendant next claims that the defense should have been able to ask a prospective juror on *voir dire* how he would decide the case if the testimony were equally divided. In order to buttress this argument, defendant cites *People* v. *Keefer* (1893), 97 Mich 15, and *People* v. *O'Neill* (1895), 107 Mich 556. Cases written before the beginning of this century, for which no recent precedential use can be found by competent counsel, must be closely examined. Close examination of these older precedents, which are now viewed on pages which have become yellowed and cracked with age, often reveals that the precedents themselves have not worn well. More recent cases on questions of *voir dire* have emphasized that the latitude of *voir dire* interrogations is largely a matter of judicial discretion. See *Sias* v. *General Motors Corporation* (1964), 372 Mich 542; *Darr* v. *Buckley* (1959), 355 Mich 392; *Kuisel* v. *Farrar* (1967), 6 Mich App 560. In cases where almost the identical question was proffered as the one in this case, the Michigan courts have ruled that failure to ask the question was not reversible error where it was shown that the jurors were asked if they could render a fair and impartial verdict, *People* v. *Lockhart* (1955), 342 Mich 595, and have even gone so far as to assume such questions were asked, absent a contrary showing. *People* v. *Allen* (1958), 351 Mich 535. It has been recognized that such questions could be designed to entrap, influence, or commit jurors, and that such questions about specific matters of law are more properly within the province of the trial judge's instructions. See Annotations, 99 ALR2d 7, 21 (1965).

In the instant case the resolution of this question is made less difficult because it is clear from the record that the jurors were asked questions con-

cerning their ability to render a fair and impartial verdict. Defendant's brief contains no claim of prejudice because of the refusal to ask the proper questions and we can find no prejudice or reversible error on this point.

The test of admissibility of photographic evidence of a potentially inflammatory nature is whether it accurately depicts that which it represents and whether it is helpful in throwing light on any material issue. *People* v. *Becker* (1942), 300 Mich 562; *People* v. *Freeman* (1965), 1 Mich App 63. The photographs admitted into evidence in this case are not before the Court of Appeals. They are claimed to represent the scene of the crime from different angles in order that the jury may better understand the position of the parties in the bar during the robbery. This would aid in throwing light on the ability to identify. A photograph may be admitted if its value as evidence outweighs its possible prejudicial effect, or may be excluded if its prejudicial effect may well outweigh its probative value. 29 Am Jur 2d, Evidence, § 787, p 861, citing *Knox* v. *City of Granite Falls* (1955), 245 Minn 11 (72 NW 2d 67, 53 ALR2d 1091).

Defendant also puts forth a brief argument that there was insufficient evidence to support a finding of guilt beyond a reasonable doubt. Careful examination of the record discloses that a case was presented which, if believed by the jury, would be a basis of a finding of guilty. Defendant's alibi witnesses do not constitute an alibi as a matter of law.

"The jury is not bound to believe the witnesses who testify in favor of defendant's defense of an alibi where there is testimony to the contrary, as a jury may believe one witness as against many. It is the jury's province to determine the credibility of all the witnesses including those whose testimony

tends to prove an alibi." 1 Michigan Criminal Law
and Procedure (2d ed), Gillespie, § 429, p 522.

There was no reversible error.

Affirmed.

T. G. KAVANAGH, P. J., and FITZGERALD, J., concurred.