PEOPLE *v.* WOOD

CRIMINAL LAW — TRIAL — IMPARTIALITY OF JUDGE — COMMENTS ON OTHER MATTERS.

> Comments by the trial judge criticizing the Michigan Supreme Court for releasing on bail during the pendency of his appeal a person who had been convicted of contempt of a one-man grand jury, which were reported in the news media *held,* not to have deprived defendant of a fair trial on a charge of violating state gambling laws where the jurors who had heard of the comments were examined by the trial judge and the trial judge found that they were not prejudiced, and there was no connection between the case that was the subject of the trial judge's comments and defendant's case.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 June 9, 1969, at Detroit. (Docket No. 4,505.) Decided July 28, 1969.

Walter John Wood and Leroy Stone were convicted of conspiracy to obstruct justice. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Nathan C. Conyers,* for defendants.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 93, 94.

PER CURIAM. Defendants were tried and convicted of conspiracy to obstruct justice in connection with violations of the State gambling laws.

They appeal on the ground that they were deprived of a fair and impartial trial because of press reports of comments by the trial judge criticizing the Michigan Supreme Court for releasing on bail during the pendency of his appeal to that Court of a person who had been convicted of contempt of a one-man grand jury.

After a careful examination of the three jurors who had heard or read the press reports as to whether their feelings and decision would be prejudiced by the comments, the trial judge found that the jurors were not prejudiced by the comments made to the news media by the judge, and he found no connection between that case and the case at bar. We find no basis for reaching a different conclusion and are persuaded that the defendants were not deprived of a fair and impartial trial. See *People v. Jenkins* (1968), 10 Mich App 257, 261, 262; *People v. Pearson* (1968), 13 Mich App 371; *People v. Freeman* (1969), 16 Mich App 63; *People v. Bloom* (1969), 15 Mich App 463, 467–474; *Irvin v. Dowd* (1961), 366 US 717 (81 S Ct 1639, 6 L Ed 2d 751).

Affirmed.