PEOPLE *v.* SWANIGAN

1. PLEADING — CRIMINAL LAW — DEFENSES — INSANITY — STATU-
   TORY NOTICE OF INTENT.

   The statutory notice of intent to plead insanity as a defense
      must be served upon the prosecution before trial (MCLA
      § 768.20).

2. CRIMINAL LAW—INTENT—INSANITY—FAILURE TO RAISE—JURY
   INSTRUCTION.

   A defendant who fails to raise the defense of insanity in a
      pretrial notice to the prosecution, as required by statute, is
      not entitled to have the jury instructed on the effect of
      mental disease or deficiency upon the element of intent in
      the crime charged where he has not established that he had
      some physiological problem negating the specific intent (MCLA
      § 768.20).

3. CRIMINAL LAW — RAPE — INTENT — LACK OF PHYSIOLOGICAL
   PROBLEM.

   Decisions regarding the effect of intoxication upon a finding
      of specific criminal intent have no application to the crime
      of assault with intent to rape where defendant has not estab-
      lished any similar physiological problem (MCLA § 750.85).

4. CRIMINAL LAW — PASSION — INSANITY — PROVOCATION — LEGAL
   RESPONSIBILITY.

   Passion and insanity are not the same and those who have not
      lost control of their reason by mental unsoundness are bound
      to restrain their passions even under provocation or be legally
      liable for their actions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 45–48, 54, 508.
[2] 21 Am Jur 2d, Criminal Law §§ 31–33, 45, 47, 52.
[3] 44 Am Jur, Rape §§ 24, 40.
   21 Am Jur 2d, Criminal Law §§ 107, 108.
[4] 21 Am Jur 2d, Criminal Law §§ 33, 36, 38, 39, 41.
[5] 44 Am Jur, Rape §§ 73, 102.
[6] 44 Am Jur, Rape §§ 100–111.

5. CRIMINAL LAW—EVIDENCE—ASSAULT WITH INTENT TO RAPE—
   PHOTOGRAPHS—ADMISSIBILITY.

   Photographs depicting a bite mark and a bruise on complainant's
   body were properly admitted where the photographs were
   relevant, material, accurate, and were introduced to corrob-
   orate the charge of assault with intent to rape (MCLA
   § 750.85).

6. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—EVIDENCE—
   SUFFICIENCY.

   Testimony of complainant and of defendant regarding substan-
   tially the same facts constituted sufficient evidence, if believed,
   for a jury to find defendant guilty beyond a reasonable doubt
   of assault with intent to rape (MCLA § 750.85).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 November 5, 1969, at Detroit. (Docket No. 6,074.) Decided November 25, 1969.

Louis Swanigan was convicted by a jury of assault with intent to commit rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*M. John Shamo,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

LESINSKI, C. J. Defendant was tried and convicted by a jury of assault with intent to commit rape.[1]

The basic facts were testified to by defendant and are undisputed. On September 19, 1967, the com-

---

[1] MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).

plainant, a student public health nurse and field trainee, visited the home of the defendant on a routine postnatal call. Although defendant's wife was not present, the complainant proceeded to discuss certain aspects of family planning with defendant, including the use of birth control pills. Defendant apparently became sexually aroused and attacked the complainant. During the attack, which took place in defendant's living room and bedroom, defendant ripped off the complainant's underpants, exposed himself and attempted intercourse with her. As a result of complainant's resistance and defendant's apparent desistance, penetration was not achieved. The parties then returned to the defendant's living room and resumed "talking" while the complainant sought a method of escape. The arrival of defendant's wife provided the opportunity.

Before trial, a psychiatric examination of defendant established his competency to stand trial.

Defendant argues on appeal that at the time of the crime he was mentally disturbed, thereby precluding a jury finding of the requisite specific intent to commit the charged act.

At the outset we note that defendant did not raise the defense of insanity in a pretrial notice.[2] Recognizing this fact, the defendant nevertheless argues that the jury should have been instructed on the "effect of mental disease or deficiency upon the element of intent." In support of this contention, defendant cites various cases involving the effect of intoxication upon a finding of specific intent. We do not see the application of those cases. Defendant here has not established any similar physiological problem.

---

[2] Notice of intent to plead the defense of insanity is required to be served upon the prosecution before trial by MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043).

Rather, we feel that the following language from
1 Gillespie, Michigan Criminal Law and Procedure,
§ 42, pp 60, 61, is in point.

"Passion and insanity are very different things,
and whatever indulgence the law may extend to per-
sons under provocation, it does not treat them as
free from criminal responsibility. Those who have
not lost control of their reason by mental unsound-
ness are bound to control their tempers and restrain
their passions, and are liable to the law if they do
not. Where persons allow their anger to lead them
so far as to make them reckless, the fact that they
have become at last too infuriated as to keep from
mischief is merely the result of not applying re-
straint in season. There would be no safety for
society if persons could with impunity lash them-
selves into fury, and then do desperate acts of vio-
lence. That condition which springs from undis-
ciplined and unbridled passion, is clearly within
legal as well as moral censure and punishment. If
a person voluntarily allows his passion to be in-
dulged in until it gets temporary control over him,
he is  *  *  *  responsible for the condition in which
he thus falls.  *  *  *  It would be a strange and
unsafe doctrine to tolerate anything that should be
deemed innocent insanity, which in no way affects
the mind or conduct except on the one occasion when
it is kindled by temporary anger, and subsides with
the gratification of that malignant passion."[3]

Reviewing the entire charge to the jury, we are
convinced that the trial court fairly, completely and
exhaustively apprised the jury as to the necessity
of finding specific intent.

Defendant's second claim is that the trial court
erred in admitting into evidence two pictures of com-
plainant. The two photographs, showing a bitemark

---

[3] For the proposition that the sexual urge is one of mankind's
greatest passions, see: *People* v. *Jenness* (1858), 5 Mich 305, 321
(opinion by Christiancy, J.)

and bruise, were introduced to corroborate the complainant's claim of assault. They were relevant, material and accurate, and were properly admitted. *People* v. *Becker* (1942), 300 Mich 562; *People* v. *Freeman* (1965), 1 Mich App 63.

Finally, the defendant took the stand in his own behalf and testified to substantially the same facts as did the complainant. Certainly there was sufficient evidence, if believed, for the jury to find guilt beyond a reasonable doubt.

. Affirmed.

All concurred.