PEOPLE v ROBINSON

1. STATUTES—CRIMINAL LAW—RAPE—CRIMINAL SEXUAL CONDUCT—
   AGGRAVATING CIRCUMSTANCES—CONVICTIONS—SINGLE PUNISH-
   MENT.

   The Legislature intended that the various aggravating circum-
   stances defined in a multi-section comprehensive statute be
   alternative ways of proving sexual conduct in the first degree;
   it did not intend that proof of one or more of these aggravating
   circumstances could transform one criminal sexual act into
   many, and where there are two convictions for the same act
   only one conviction may stand.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—DUAL PUNISHMENT—SIN-
   GLE ACT—STATUTES—LEGISLATIVE HISTORY—AMBIGUITY.

   The Legislature may constitutionally impose dual punishment for
   a single criminal act, however, it must be clear on the face of
   the statute imposing the punishment and its legislative history
   that the Legislature intended to do so; in the absence of such
   legislative history, any ambiguity in the statutory scheme
   should be resolved in favor of lenity.

3. CRIMINAL LAW—RAPE—STATUTES—RULE OF LENITY—LEGISLATIVE
   INTENT—PRESUMPTIONS—SINGLE TRANSACTION—MULTIPLE OF-
   FENSES.

   The rule of lenity provides that where the legislative intent in a
   criminal statute is not explicit there is a presumption against
   turning a single transaction into multiple offenses.

4. CRIMINAL LAW—RAPE—CRIMINAL SEXUAL CONDUCT—SEXUAL PENE-
   TRATION—ENUMERATED CIRCUMSTANCES—STATUTES.

   A defendant charged with criminal sexual conduct in the first
   degree may be convicted and punished for each act of sexual
   penetration; however, if the act of penetration is accompanied
   by more than one of the circumstances enumerated in the
   criminal sexual conduct statute, then the prosecutor should

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 65 Am Jur 2d, Rape §§ 32, 41.
[2] 16 Am Jur 2d, Constitutional Law §§ 144–151, 168, 169.
[3] 16 Am Jur 2d, Constitutional Law §§ 150, 151, 168, 169.

charge in the alternative and have the jury bring in a verdict in accordance with proper instructions (MCLA 750.520b; MSA 28.788[2]).

Appeal from Recorder's Court of Detroit, Dalton A. Roberson, J. Submitted October 11, 1977, at Detroit. (Docket No. 77-198.) Decided January 5, 1978. Leave to appeal applied for.

Oliver A. Robinson was convicted of three counts of criminal sexual conduct in the first degree and one count of attempted armed robbery. Defendant appeals. Affirmed in part and reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Charles A. Haas,* for defendant on appeal.

Before: D. E. HOLBROOK, P. J., and N. J. KAUFMAN and J. E. MCDONALD,* JJ.

D. E. HOLBROOK, P. J. On October 14, 1976, defendant was convicted by a Recorder's Court jury of three counts of criminal sexual conduct in the first degree, MCLA 750.520b(1); MSA 28.788(2)(1), and one count of attempted armed robbery, MCLA 750.529; MSA 28.797, MCLA 750.92; MSA 28.287. On November 5, 1976, defendant was sentenced from 7-1/2 to 15 years in prison on the criminal sexual conduct counts and 2 to 5 years in prison on the attempted armed robbery count. Defendant appeals as of right.

On December 23, 1975, the complainant, an 18-year old lady, accepted a ride from an acquaint-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ance, Allen Cousins. Mr. Cousins drove the complainant to a store where she intended to buy cigarettes. As complainant left the store, she noticed defendant standing across the street, and, according to her testimony, defendant crossed the street, approached her from the left, put his arm around her neck and placed a knife at her throat.

Mr. Cousins testified that while he was waiting in his truck outside the store he noticed the complainant lying on the street behind the truck. As he left the truck to investigate, the defendant held a knife to Cousins' neck and demanded money. When Cousins stated that he had no money, the defendant forced Cousins and the complainant into the truck and told Cousins to drive the truck around the corner. Mr. Cousins obeyed and parked the truck at the defendant's command. The defendant then demanded that complainant perform fellatio on him and told Cousins to get down on the floor of the truck. Cousins moved to the floor where he unlatched the truck door and ran away.

At defendant's command, while he threatend her with a knife, complainant performed fellatio upon him in the truck. Shortly thereafter, the defendant forced the complainant out of the truck where they were met by two other men. These three men took complainant to a vacant house where they each had sexual intercourse with her in an empty back bedroom. After the three men left her, complainant ran to a nearby house and called the police. After a stop at Detroit General Hospital, complainant went to the police station where she identified the defendant as her assailant in a lineup.

The first issue raised on appeal was whether a defendant may be charged and convicted of multiple counts of criminal sexual conduct.

The defendant was charged with four counts of criminal sexual conduct in the first degree, MCLA 750.520b; MSA 28.788(2), and two counts of assault with intent to rob being armed, MCLA 750.89; MSA 28.284.

MCLA 750.520b; MSA 28.788(2) provides as follows:

"(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:"

The statute then lists various circumstances, any of which would render "sexual penetration with another person" to be criminal sexual conduct in the first degree. The section and subsections relevant here are as follows:

"(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

\* \* \*

"(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

"(f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration. Force or coercion includes but is not limited to any of the following circumstances:

\* \* \*

"(ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats." MCLA 750.520b(1)(c), (e), (f)(ii); MSA 28.788(2)(1)(c), (e), (f)(ii).

The jury considered defendant's guilt on count one, assault with intent to rob Allen Cousins; count three, sexual penetration (fellatio) occurring

during the commission of another felony; count four, sexual penetration (fellatio) while armed with a weapon; count seven, sexual penetration (intercourse) while armed with a dangerous weapon. The trial judge also instructed the jury as to the lesser included offense of attempted armed robbery. After deliberating, the jury returned the following verdict:

"THE COURT: * * * In the Case of the People of the State of Michigan versus Oliver Anthony Robinson, as to Count One, assault with intent to rob being armed, how do you find him, guilty or not guilty?

"JUROR CRAIG: Not guilty.

"THE COURT: As to attempt [sic] robbery armed, guilty or not guilty of the included offense?

"JUROR CRAIG: Guilty.

"THE COURT: Okay, as to Count Two, criminal sexual conduct in the first degree, to-wit, fellatio in the commission of another felony guilty or not guilty?

"JUROR CRAIG: Guilty.

"THE COURT: As to criminal sexual conduct in the first degree, fellatio, while armed with a dangerous weapon, guilty or not guilty?

"JUROR CRAIG: Guilty.

"THE COURT: As to criminal sexual conduct, to-wit, sexual intercourse, guilty or not guilty?

"JUROR CRAIG: Guilty."

The evidence shows that defendant had engaged in two sexual penetrations of one victim, that being intercourse and fellatio.

On appeal, defendant claims violation of constitutional and statutory protection against double jeopardy. We find it unnecessary to discuss the constitutional issue. *People v Willie Johnson, Jr,* 75 Mich App 221, 224; 255 NW2d 207 (1977). We hold that the Legislature intended that but two convictions under the criminal sexual conduct act

could result from one act of intercourse and one act of oral sex.

In *People v Willie Johnson, supra,* the Court avoided discussing the defendant's challenge to the Michigan criminal sexual conduct act on double jeopardy grounds. The Court elected instead to find that a conviction on more than one count under the statute violated clear legislative intent. The Court held:

> "We do not perceive any legislative intent, however, that proof of one or more of these aggravating circumstances could transform one criminal sexual act into many. Although the statute is not explicitly phrased in the alternative, we are of the opinion that the Legislature intended that the various aggravating circumstances be alternative ways of proving criminal sexual conduct in the first degree. Canons of strict construction and the rule of lenity, in any event, would require that result in the absence of a clear legislative intent to the contrary. Consequently, only one of defendant's convictions may stand." *Willie Johnson,* at 226–227.

This Court adopts the *Willie Johnson* rationale and holds that the defendant's conviction in the instant case on three counts of criminal sexual conduct, arising out of only two acts of penetration, violated the clear legislative intent.

Defendant's conviction as to criminal sexual conduct in the first degree, to-wit fellatio in the commission of another felony, is hereby vacated and defendant stands convicted of one count of criminal sexual conduct in the first degree (fellatio) while armed with a dangerous weapon and one count of criminal sexual conduct in the first degree, to-wit sexual intercourse.

We are cognizant in our ruling in this case of the scholarly opinion written by Judge BEASLEY, in *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), which dealt with multiple charges and

convictions under the criminal sexual conduct statute.[1] We disagree with *People v Nelson, supra.* The Judge indicates how difficult it is attempting to determine the legislative intent when a new law is passed. It involves whether the Legislature intended that a single penetration, accompanied by more than one of the statute's enumerated circumstances, can result in multiple charges for purposes of conviction and sentence.

Judge BEASLEY concluded that:

"[T]he legislative purpose of the new criminal sexual conduct statute was to strengthen, not weaken, within constitutional strictures, the criminal law describing unlawful sexual conduct. Consistent with that legislative purpose is an interpretation that each listed special circumstance is the basis for a separate offense and conviction." *Nelson, supra,* at 319.

Applying this reasoning to the case at bar, the defendant could be convicted and sentenced for both fellatio in commission of another felony, and fellatio while armed with a dangerous weapon.

However, we do not agree with Judge BEASLEY's interpretation of the legislative intent and we require a different holding. We would agree that the passage of the criminal sexual conduct statute was to enact changes in the then existing rape law;[2] however, it is not clear that the Legislature intended to impose multiple punishment for a single act of sexual penetration. Although the Legislature may constitutionally impose dual punishment for a single act, it must clearly appear from the face of the statute and its legislative history that the Legislature intended to do so. *People v Bennett,* 71 Mich App 246, 248; 247 NW2d 368 (1976). The legislative history of the

---

[1] MCLA 750.520b(1); MSA 28.788(2)(1).

[2] 1952 PA 73. Repealed by 1974 PA 266.

criminal sexual conduct statute does not indicate that they were seeking to permit multiple convictions and punishment for one act of sexual penetration. In the absence of legislative history, any ambiguity in the statutory scheme should be resolved in favor of lenity. *Bell v United States,* 349 US 81, 83–84; 75 S Ct 620, 622; 99 L Ed 905, 910–911 (1955).

The rule of lenity provides that where the legislative intent is not explicit, there is a presumption against turning a single transaction into multiple offenses. Prior to the passage of the criminal sexual conduct statute, the law provided for a maximum sentence of life imprisonment for the crime of rape. The criminal sexual conduct statute also provides for a maximum sentence of life imprisonment for conviction of criminal sexual conduct in the first degree. We hold that the criminal sexual conduct statute was not intended to provide for a more severe sentence for rape, but to expand its scope so as to *include the various special circumstances that could amount to criminal sexual conduct in first degree.* We do not feel that the Legislature intended that one act of sexual penetration, accompanied by more than one of the enumerated circumstances, could result in possible multiple life sentences.

The legislative intent of protecting the victim and society by the passage of the criminal sexual conduct statute is present in this holding. A defendant may be convicted and punished for each act of sexual penetration. However, if more than one of the statute's enumerated circumstances accompanies the act of penetration, then the prosecutor should charge in the alternative and have the jury bring in a verdict in accordance with proper instructions.

Affirmed in part and reversed in part.