PEOPLE v DALTON

Docket No. 77-1546. Submitted April 4, 1978, at Detroit.—Decided June 5, 1978.

Melvin Dalton was convicted in the Recorder's Court for the City of Detroit, Susan D. Borman, J., of kidnapping, armed robbery, and two counts of criminal sexual conduct in the first degree. Defendant appeals claiming error in the denial of his motions for a mistrial, that he received multiple punishment for a single criminal act, and that the criminal sexual conduct statute is unconstitutional. *Held:*

The criminal sexual conduct statute is constitutional. Defendant's mistrial motion was properly denied when he alleged prejudice as a result of a juror being excused during the trial after becoming emotionally upset from the proceedings since he failed to allege specific facts or circumstances warranting a holding that the remaining jurors were prejudiced against him as a result of the incident. Defendant's other mistrial motion was also properly denied when he alleged prejudice resulting from some members of the jury being exposed to media coverage of the trail where none of the exposed jurors communicated what they had heard to other jurors and those who were exposed asserted that hearing the reports had not affected their ability to remain impartial. Defendant did not receive impermissible multiple punishment when he was convicted on two counts of criminal sexual conduct where the facts show the defendant and others kidnapped and held the complainant

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Trial § 1080.

[2] 75 Am Jur 2d, Trial §§ 980–982.

Interrogation or poll of jurors, during criminal trial, as to whether they have read newspaper articles pertaining to alleged crime or the trial. 15 ALR2d 1152.

Juror's reading of newspaper account of trial in criminal case during its progress as ground for mistrial, new trial, or reversal. 31 ALR2d 417.

[3, 5] 73 Am Jur 2d, Statutes §§ 204 *et seq.,* 219.

[4, 5] 65 Am Jur 2d, Rape §§ 41, 106.

[6] 73 Am Jur 2d, Statutes § 299 *et seq.*

captive for twelve hours during which time defendant raped her with the assistance of aiders and abettors or by force and that he also aided and abetted another in engaging in criminal sexual conduct in the first degree with the complainant.

Affirmed.

M. J. KELLY, P. J., concurring in part, dissenting in part, would hold that the Legislature intended that the various aggravating circumstances defined in the multi-section comprehensive statute regarding criminal sexual conduct in the first degree be alternative ways of proving criminal sexual conduct in the first degree, and it did not intend that proof of one or more of these aggravating circumstances could transform one criminal sexual act into many.

OPINION OF THE COURT

1. CRIMINAL LAW—MOTIONS—MISTRIALS—PREJUDICE—JURY—EXCUSING OF JURORS—APPEAL AND ERROR.

A defendant's motion for a mistrial, alleging that prejudice resulted when a juror had to be excused during the trial after becoming emotionally upset by the proceedings, was properly denied in a criminal trial where the defendant failed to allege specific facts or circumstances warranting a holding that the remaining jurors were prejudiced against the defendant as a result of the incident.

2. CRIMINAL LAW—MOTIONS—MISTRIAL—PREJUDICE—JURY—NEWS ACCOUNTS—APPEAL AND ERROR—IMPARTIALITY.

A defendant's motion for a mistrial, alleging that the exposure of some members of the jury to media coverage of his trial resulted in prejudice, was properly denied in a criminal trial where none of the exposed jurors communicated what they had heard to other jurors and all the exposed jurors asserted that hearing the reports had not affected their ability to remain impartial.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—STATUTES—CRIMINAL SEXUAL CONDUCT.

The criminal sexual conduct statute is not unconstitutionally overbroad (MCL 750.520a et seq.; MSA 28.788[1] et seq.).

4. CRIMINAL LAW—RAPE—CRIMINAL SEXUAL CONDUCT—MULTIPLE COUNTS—KIDNAPPING—AIDERS AND ABETTORS—MULTIPLE PUNISHMENT.

A defendant was not charged or convicted of several counts of criminal sexual conduct in the first degree based upon only one act of intercourse where he was convicted of two counts of

criminal sexual conduct in the first degree and the facts show that the defendant and others kidnapped the complainant and held her captive for twelve hours during which time defendant raped the complainant with the assistance of aiders and abettors or by force, and also that the defendant aided and abetted another in engaging in criminal sexual conduct in the first degree with the complainant; a separate sentence for each conviction under such circumstances does not amount to impermissible multiple punishment for a single criminal act.

PARTIAL DISSENT, PARTIAL CONCURRENCE BY M. J. KELLY, P. J.

5. STATUTES—CRIMINAL LAW—RAPE—CRIMINAL SEXUAL CONDUCT—
AGGRAVATING CIRCUMSTANCES—CONVICTIONS—SINGLE PUNISHMENT.

*The Legislature intended that the various aggravating circumstances defined in the multi-sectioned comprehensive statute regarding criminal sexual conduct in the first degree be alternative ways of proving criminal sexual conduct in the first degree, and it did not intend that proof of one or more of these aggravating circumstances could transform one criminal sexual act into many, and where there are two convictions for the same act only one conviction may stand (MCL 750.520b; MSA 28.788[2]).*

6. CRIMINAL LAW—STATUTES—RULE OF LENITY—LEGISLATIVE INTENT
—PRESUMPTIONS—SINGLE TRANSACTION—MULTIPLE OFFENSES.

*The rule of lenity provides that where the legislative intent in a criminal statute is not explicit there is a presumption against turning a single transaction into multiple offenses.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: M. J. KELLY, P. J., and D. E. HOLBROOK, JR. and BEASLEY, JJ.

BEASLEY, J. Defendant was convicted by a jury of

kidnapping,[1] armed robbery[2] and two counts of criminal sexual conduct in the first degree.[3] The convictions stemmed from an incident in which a Windsor woman whose car had become disabled on a Detroit freeway was abducted by a group of men and taken to an apartment where she was held against her will for over 12 hours and was raped repeatedly. A motorist who had been assisting the woman with her car was robbed by the same men and locked in the trunk of his car. Following sentencing to four life terms, defendant appeals as of right.

The first claim of error raised by defendant is that his motion for a mistrial was improperly denied when a juror had to be excused during the trial after becoming emotionally upset by the proceedings. The claim is without merit. Defendant has failed to allege either specific facts or circumstances warranting a holding that the remaining jurors were prejudiced against defendant as a result of the incident.[4] We decline to hold that there was a clear abuse of discretion by the trial court in denying defendant's motion for a mistrial.[5]

Defendant next contends that exposure of some members of the jury to media coverage of the trial resulted in prejudice to defendant. The record indicates three jurors admitted they had heard radio reports about the trial. Two heard reports regarding the general course of the trial, and the third said he heard a report that four other men involved in the incident had been convicted. None

[1] MCL 750.349; MSA 28.581.
[2] MCL 750.529; MSA 28.797.
[3] MCL 750.520b; MSA 28.788(2).
[4] *People v Jenkins*, 10 Mich App 257; 159 NW2d 225 (1968).
[5] *People v Diamond*, 231 Mich 484, 487; 204 NW 105 (1925).

of the three had communicated what they had heard to other jurors, and all three asserted that hearing the reports had not affected their ability to remain impartial. Absent a stronger showing of prejudice, defendant is not entitled to relief.[6] There was no abuse of discretion by the trial court in denying defendant's motion for a mistrial on this ground.

It is next argued by defendant that the criminal sexual conduct act[7] is unconstitutionally overbroad. Some authorities have expressed the view that a statute may be overbroad if, by its terms, it covers innocent as well as criminal or proscribed conduct.[8] The criminal sexual conduct act suffers no such infirmity. Defendant contends further that the statute must fall because it "allows the prosecution to go to the jury with several charges of Sexual Activity when in fact only one act of intercourse may have occured [sic]". Neither of the cases cited by defendant support that proposition.[9]

Nor do we find under the facts of the within case that defendant was charged or convicted of several counts of sexual misconduct based on "only one act of intercourse". Complainant was kidnapped and held captive for over 12 hours. During that time she was raped numerous times by at

[6] *People v Parker,* 76 Mich App 432; 257 NW2d 109 (1977).

[7] MCL 750.520a *et seq;* MSA 28.788(1) *et seq.*

[8] *People v Penn,* 70 Mich App 638; 247 NW2d 575 (1976).

[9] Defendant cited *People v White,* 390 Mich 245; 212 NW2d 222 (1973), in which it was held that a defendant may not be charged on two separate occasions and put through separate trials for criminal acts that arise out of one transaction. He also cited *People v Willie Johnson,* 75 Mich App 221; 255 NW2d 207 (1977), which held contrary to defendant's position that presentation to the jury of several counts as alternatives under the criminal sexual conduct statute was not improper. Even if we assume the Supreme Court adopts the so-called lenity rule of *People v Willie Johnson* rather than the exposition of legislative intention articulated in *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), there would not appear to be error here.

least four or five people. Defendant was identified as one of the persons who had raped her and who was present during some of the other incidents of rape during her period of captivity. Defendant was charged with raping complainant with the assistance of aiders and abettors or by force. He was also charged with aiding and abetting one Joseph Evans in engaging in criminal sexual conduct in the first degree, *i.e.,* forced penetration during the perpetration of a felony-kidnapping. Defendant was also convicted on this charge. The acts of Joseph Evans represent a separate criminal transaction from the penetration committed by defendant. We decline to hold that a separate sentence for each conviction under such circumstances would amount to impermissible multiple punishment for a single criminal act.

Defendant's other claims of error are equally without merit.

Affirmed.

D. E. Holbrook, Jr., J., concurred.

M. J. Kelly, P. J. *(concurring in part, dissenting in part).* I dissent as to the affirmance of the conviction on the second count of criminal sexual conduct in the first degree. There is a division on our Court between the position adopted in *People v Robinson,* 80 Mich App 559; 264 NW2d 58 (1978), *People v Secreto,* 81 Mich App 1; 264 NW2d 99 (1978), as against Judge Beasley's view in *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977). I subscribe to the reasoning in *People v Robinson, supra,* that the legislative intent is not so clear as to permit multiple punishments for a single act of criminal sexual penetration.

Although defendant could have properly been charged and convicted as an aider and abettor to

his companions in addition to his conviction as principal for a separate act, because of the charge given, his conviction on the second count must be reversed.

I concur as to affirmance on the other three counts.