THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY JOHNSON, Defendant-Appellant.

(No. 55505; ▮▮▮▮▮▮▮▮

First District—November 30, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Saul H. Brauner and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael R. Epton, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was indicted for armed robbery and aggravated battery. He waived a jury trial, was tried by the court and found guilty of robbery and battery. He was sentenced to a term of three to six years for robbery and six months for battery, the sentences to run concurrently. On appeal defendant charges two grounds of error: (1) that the evidence was not sufficient to support the finding of guilty, and (2) that the trial court erred in convicting him of two crimes arising out of the same transaction. The facts follow.

Joseph Drews, a witness for the State, testified that he was at the Continental Trailways Bus Depot on Randolph Street in Chicago at approximately 10:30 P.M. on May 15, 1970, and that he was wearing a raincoat and carrying a briefcase. At about 11:00 P.M. he went to the washroom on the balcony in the depot and while he was standing at the urinal, a man whom he later identified as the defendant put his arm around the witness's neck and placed a blade against his neck. Then upon defendant's demand Drews dropped his money on the floor. As defendant went to pick up the money, Drews made his way out of the washroom onto the balcony, threw his briefcase over the rail and yelled for help. A security guard ran to the scene and took the two men downstairs. Drews further testified that he felt his collar wet with blood and noticed a small cut on his neck.

Charles Baumer, a security officer employed at the bus depot, testified that on the night in question he heard a call for help and saw a briefcase falling over the balcony rail. As he was going toward the balcony he saw the defendant trying to pull Drews away from the rail and he then took both men downstairs and called the police. Baumer testified that no weapon was found on defendant, but that the washroom where the incident had occurred was not searched for a weapon.

Defendant testified that he was going to take the 11:45 P.M. bus to Gary, Indiana, but the police took his ticket when they arrested him. He further testified that he was in the washroom at the bus depot when Drews came in and began a conversation but that he ignored Drews. When Drews continued talking, defendant testified that he pushed him out of the way and that this scuffle was all that occurred between him and Drews in the washroom. We proceed to a consideration of defendant's first point, that the evidence presented at the trial was not sufficient to support a finding of guilty beyond a reasonable doubt.

We are presented with conflicting accounts by defendant and the witness Drews. There is ample corroboration, however, of Drews's account in the testimony of the security guard Baumer. Drews testified that he threw his briefcase over the balcony. Baumer testified that he saw a briefcase come over the balcony. Drews testified that defendant was

pulling on his arm and Baumer testified that he saw defendant pulling on Drews's arm. Drews testified that he felt his collar wet with blood and Baumer testified that he saw Drews bleeding from the neck. On the other hand defendant testified that he never saw any blood and that he had a ticket for the 11:45 P.M. bus to Gary. Baumer, who was familiar with the bus schedules, testified that no bus ran to Gary between 8:00 P.M. and 5:30 A.M. and that no ticket was found on defendant when he was searched. We thus have a clear issue of act between defendant on one hand and witnesses for the State on the other.

■■ It is for the trier of fact to determine the credibility of witnesses and to resolve conflicts in the testimony. (*People v. Townsend,* Ill. App. Ct. No. 54389, 268 N.E.2d 177.) In the instant case the trial judge believed the State's witnesses and rejected the account of the occurrence given by defendant. The evidence supports the court's conclusion beyond any reasonable doubt.

● 3 The second point raised by defendant is that the trial court erred in convicting him of both robbery and battery, contending that both charges arose out of a single transaction. It is well settled that a person cannot be sentenced for two crimes if they both arose from the same course of conduct. (*People v. Schlenger,* 13 Ill.2d 63, 147 N.E.2d 316; *People v. Stewart,* 45 Ill.2d 310, 259 N.E.2d 24. See also S.H.A., ch. 38, §1—7, Committee Comments, p. 32.) Conduct is defined in section 2—4 of the Criminal Code of 1961 as "an act or series of acts and the accompanying mental state." Ill. Rev. Stat. 1969, ch. 38, par. 2—4.

■■ In the case before us the "conduct" which constituted the offense of robbery was independent and separable from the "conduct" which constituted the offense of battery. The record shows that defendant's original intent was robbery. After forcing the victim to put his money on the floor, defendant picked it up, thus completing the offense of robbery. When that was done the defendant initiated activity which resulted in a battery when he grabbed the victim's arm and pulled him away from the balcony rail. When the money was taken from the victim, a robbery took place and the grabbing of the victim's arm was a separate act of battery. (See *People v. Gilyard,* 124 Ill.App.2d 95, 260 N.E.2d 364.) The evidence supports the findings of the court beyond all reasonable doubt.

Judgment affirmed.

LEIGHTON, P. J., and STAMOS, J., concur.