THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT
ALLEN HARRIS, Defendant-Appellant.

(No. 11902; ▮▮▮▮▮▮▮▮)

Fourth District—June 12, 1974.

John F. McNichols and Bruce L. Herr, both of the State Appellate
Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James
Steigmann, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant entered a plea of guilty to robbery and aggravated battery, and was sentenced 2 to 12 years in the penitentiary. Count II for attempted murder, Count IV for aggravated battery and Count V were dismissed, and the sentence imposed pursuant to a negotiated plea. The defendant further agreed to testify against others involved in the same transaction and apparently carried out that agreement.

At the time of the occurrences, the defendant was 17 years of age and contended that the Illinois Juvenile Court Act in effect at that time (Ill. Rev. Stat. 1971, ch. 37, par. 701—1 *et seq.*), denied equal protection of the law because of age variance between the sexes and thus such statute was unconstitutional. In *People v. Ellis*, 57 Ill.2d 127, our supreme court laid this issue to rest and held that the Juvenile Court Act does not apply to males over 17 years of age.

■■ The defendant likewise contended that the indictment for aggravated battery was fatally defective because it did not charge that the battery was committed "without lawful justification" and that such an allegation was essential to a valid indictment. This claim likewise is now at rest. *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.

■■ The defendant further states that he was not adequately admonished concerning the nature of the charge of aggravated battery and that actually the court misinformed him of the elements of the offense and failed to advise the defendant that he was charged with having caused great bodily harm to the victim. True enough, aggravated battery in the language of the statute is that "[he] knowingly caused *great bodily harm*". (Ill. Rev. Stat. 1971, ch. 38, par. 12—4.) (Emphasis added.) The trial court in its admonition used the following language: "You knowingly caused *bodily harm* to said Jon Houlette, namely, striking said Jon Houlette on the head with great force with a shotgun * * *." (Emphasis added.) Thus, the defendant contends that the trial court led him to believe that he was pleading guilty to a misdemeanor rather than a felony. The record shows that at the time of arraignment, the judge used the word "great". The record shows that during the intervening 2 weeks, the defendant consulted with his attorney concerning his guilty plea as well as with his parents who were both present in open court at the time the plea was being made. Prior to the statements of the trial court, the assistant State's Attorney represented to the court that the plea of guilty was the result of plea negotiations and that the plea was further discussed with the defendant personally in the presence of his counsel and in the presence of his parents. In addition, the State's Attorney stated in open court that the defendant

had been identified as the man who committed the armed robbery and as the man who hit the victim over the head "thereby causing serious injury to Mr. Houlette, resulting in, I believe somewhere in the nature of maybe to 100 stitches over the back of his head, a 3-inch laceration which required his hospitalization". The court then asked the defendant if he wished to add anything to this recitation and the defendant replied that he did not. In the face of this record, the assertion in the defendant's brief that the trial court misled the defendant in the choice of language used strikes us as an exaggerated application of the use of Rule 402. It strains credulity and warps reality to believe that the defendant was misled.

The defendant further states that the trial court should not have accepted the guilty plea because no factual basis was established and such is required by Supreme Court Rule 402(c) prior to the entry of final judgment. This position is based on the theory that the defendant performed this armed robbery and aggravated battery under compulsion and is based upon defendant's uncontradicted statements that at the first filling station to which Harris was sent by his buddies, he backed down and refused to carry out instructions. One of them then told Harris that they would try at another and stated "if you mess up, if you decide to run or tell the policeman, we know where you live, we know where your brothers and sisters are at this time of night". When the group arrived at the station, Harris was again instructed to rob the attendant and hit him. Harris again backed down and returned to the car and told McClendon that he was not going through with the affair. McClendon then gave Harris a backhanded slap across the mouth and said, "Is that enough nerves for you?" Harris then returned to the station and held up the proprietor with a shotgun and thereafter a struck him hard enough to inflict the injuries previously recited. One of the difficulties with this defense of compulsion is the circumstances under which it is now asserted. Testifying on oath during the hearing in response to questions by his attorney, he was asked whether or not "You raise the point that you were under stress at the time you committed the offense".

"A. Yes, sir.

Q. And we have discussed this as a possible defense with you?

A. Yes.

Q. And your mother and father?

A. Yes, sir.

Q. And after discussing this I have indicated to you that I felt that a jury would be extremely reluctant to accept this as a defense?

A. Yes, sir.

Q. And your parents have also indicated the same?
A. Yes, sir.
Q. And you in the discussions have indicated that you have agreed?
A. Yes, sir.
Q. Your plea in this case is your own free and voluntary act?
A. Yes, sir.
Q. And I have made you no promises?
A. Yes, sir.
Q. And I have not coerced you or anything to make this plea?
A. Yes, sir.
Q. In fact, I have advised you that if you desired, we could prepare the case for trial, that is, for trial by the jury?
A. Yes, sir.
Q. Or by the court, as you indicated?
A. Yes.
Q. And it's your opinion and your voluntary act that you accept the offer of the State's Attorney's office?
A. Yes, sir."

■■ The record further shows that it was the defendant who was in possession of the shotgun. Whether there were any other weapons in the group is not shown. Defendant's furlough from the Army ended about 5 days after the commission of this offense and he would have returned for overseas duty in Germany. His brother is a policeman with the Urbana Police Department. He conferred with his parents and with his attorney. Under such circumstances, great care was taken by the State's Attorney's office, defense counsel, this defendant, his parents and the court, and for him to now assert that he should be discharged because of the defense that was not made but was carefully considered by all seems a *non sequitur.*

■■ Lastly, it is urged that the conviction for aggravated battery must be reversed because it was an integral part of the robbery and a part of a single transaction. From this record it seems clear that the aggravated battery was separately motivated. The victim was ordered to lie on the floor. The defendant then struck him over the head with the butt of the gun inflicting the injuries previously described without any justification or reason therefor. This was after the victim's money was taken. Both the State and the defendant received a *quid pro quo.* We see no reason for disturbing the action of the trial court or the agreement of the parties. From aught that appears in this record, the beating administered was separately motivated or otherwise separable and was in-

dependent of the robbery. *People v. Johnson*, 3 Ill.App.3d 19, 278 N.E.2d 837.

We do not have circumstances here where it is improper to impose separate sentences (*People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679), or where it is improper to enter two judgments of conviction where a single act constitutes two crimes. *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1; *People v. Leggett*, 2 Ill.App.3d 962, 275 N.E.2d 651.

The judgment of the trial court is affirmed.

Affirmed.

TRAPP and SIMKINS, JJ., concur.