THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAUL J. HELTON, Defendant-Appellant.

Fourth District   No. 12656

Opinion filed June 17, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (John W. Foltz, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Paul J. Helton was found guilty by a jury in the circuit court of Logan County upon two counts each of deviate sexual assault and intimidation and upon single counts of aggravated battery and unlawful restraint. He was sentenced to concurrent terms of imprisonment of 30 to 50 years for each count of deviate sexual assault, 3 years 4 months to 10 years for aggravated battery, 1 to 3 years for unlawful restraint, and 3 years 4 months to 10 years for one of the counts of intimidation. Defendant appeals, making the sole contention that all offenses arose out of a single course of conduct and thus prevented the court from imposing more than one sentence.

The evidence showed that on the evening of August 23, 1973, the female victim, who had previously met the defendant, talked with him at two taverns, after which the two of them decided to go to her home. Upon arrival there and after the couple had kissed, the victim refused further advances and told the defendant that she did not wish to have

intercourse. According to the victim, defendant then performed a series of deviate acts which we now detail only to the extent necessary to explain our ruling.

Defendant first grabbed the victim by the neck, dragged her into the bedroom, threw her on the bed and removed her clothes. As she offered resistance, he hit her on the head with his fist. Defendant then rammed his penis into her mouth and down her throat. This conduct corresponded to the allegations of one of the deviate sexual assault charges. Upon removing his penis, defendant required the victim to obtain some Vaseline. He then sat on her chest, put Vaseline on his hands, inserted fingers from both hands into her vagina, and pulled, causing a severe tear in the vagina, which required surgery to repair. This was the act of aggravated battery charged.

The victim then attempted to run downstairs but defendant grabbed her, pulled her back and started beating her. He then inserted his penis in her rectum. This was the second act of deviate sexual assault charged. Subsequently while defendant was washing himself, he persuaded the victim to telephone to have a taxicab come to pick him up. He then told her to go downstairs. Before leaving, the defendant told the victim that if she told anyone about what had happened, he would sexually molest her children and get other men to say that they had had sexual relations with her. The two charges of intimidation were based on this evidence. The charges of unlawful restraint appear to refer to the various times that defendant detained the victim.

Defendant's argument here is that all of the acts charged were part of one course of conduct where defendant's single motivation was sexual gratification. Since the decision in *People v. Schlenger*, 13 Ill. 2d 63, 147 N.E.2d 316, the courts of this State have wrestled with the problem of multiple convictions for closely related conduct. We have most recently decided *People v. Meredith*, 37 Ill. App. 3d 895, 347 N.E.2d 55. There a man had been convicted of rape, armed robbery, and aggravated kidnapping where he, with the threat of the use of a knife, abducted a girl and robbed and raped her. On appeal we upheld the rape and armed robbery conviction but, in a split decision, reversed the aggravated kidnapping conviction. Although a similar aggravated kidnapping conviction had been upheld in *People v. Canale*, 52 Ill. 2d 107, 285 N.E.2d 133, the majority thought that the subsequent case of *People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819, required a different ruling.

In *Williams*, the defendant was found to have entered a home with the intent to commit theft, committed that offense by the armed robbery of an occupant and then murdered that occupant's husband. The court ruled that the conviction for the burglary would be reversed because it was done for the purpose of effectuating the robbery. The murder conviction

was allowed to stand because the purpose of the defendant and his accomplice changed from robbery to murder "when the robbers were confronted by Mr. Calderone with a gun in his hand. Then, they chose to commit a separate act for the purpose of killing Mr. Calderone. That shooting can be viewed as a means of removing an obstacle to their original objective of robbery, but it is also evident that at least part of their reason for killing was to avoid injury or apprehension by Mr. Calderone." 60 Ill. 2d 1, 14, 322 N.E.2d 819, 826.

In *Meredith*, the aggravated kidnapping related to the rape as the burglary in *Williams* related to the subsequent armed robbery. The aggravated kidnapping and burglary were committed with the "objective, purpose, or motivation" (37 Ill. App. 3d 895, 902, 347 N.E.2d 55, 61) of committing the respective rape and armed robbery. Here, the unlawful restraint of the victim was committed with the objective, purpose and motivation of furthering the various sadistic sexual offenses committed by defendant and cannot stand as a separate conviction.

Although done for sexual gratification, convictions for two separate offenses against the same victim in a short time span were upheld in *People v. Moore*, 51 Ill. 2d 79, 281 N.E.2d 294, and *People v. Scott*, 57 Ill. 2d 353, 312 N.E.2d 596. Unlike in *Williams* and *Meredith*, however, neither offense was committed with the "objective, purpose, or motivation" of effectuating the commission of the other offense. We do not find *Williams* to have overruled *Moore* or *Scott* and we accordingly follow the precedent of those cases in affirming the convictions for aggravated battery and deviate sexual assault in the instant case.

The intimidation here took place after the other criminal acts were completed and was done to prevent criminal charges from being brought against defendant. In *Williams*, one of the reasons that the murder was held to have been committed for a separate objective from the armed robbery was because it was done to avoid "apprehension." The separate conviction and sentence for intimidation here was also permissible (see also *People v. Johnson*, 3 Ill. App. 3d 19, 278 N.E.2d 837).

The conviction and sentence for unlawful restraint is reversed. All other sentences and convictions appealed from are affirmed. The cause is remanded to the Circuit Court of Logan County with directions that the mittimus be amended accordingly.

Affirmed in part, reversed in part, remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.