## 21500

The STATE, Respondent, v. Kenneth F. SMITH, Appellant.
(280 S. E. (2d) 56)

*Asst. Appellate Defender David W. Carpenter,* of *S. C. Commission of Appellate Defense,* Columbia, and *Public*

*Defender H. F. Partee* and *Asst. Public Defender Alex Kinlaw,* Greenville, *for appellant.*

*Atty. Gen Daniel R. McLeod, Asst. Atty. Gen. Kay G. Crowe,* and *Senior Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

June 23, 1981.

LEWIS, Chief Justice:

The appellant was charged and convicted in two separate indictments for criminal sexual conduct in the first degree. The indictments arose from an incident in which appellant sexually attacked the prosecutrix, forcibly performing an act of sexual intercourse upon her and then within minutes forcing her to accomplish the act of fellatio upon him. After a jury verdict of guilty on both charges, appellant was sentenced to consecutive terms of imprisonment totaling forty-two (42) years. We affirm.

Appellant excepts to refusal of the trial court to quash one of the indictments; he contends that by his ruling he was subjected to double punishment for a single act. The appellant reasons that the incident constituted but a single transaction in point of fact and was by definition but a single violation of Section 16-3-652, Code of Laws of South Carolina, (1976).

At the outset we reject appellant's characterization of the facts. The view is well settled that successive acts of rape are multiple crimes separately punishable. 81 A. L. R. (3d) 1228; 75 C. J. S. *Rape* Section 4. Appellant's assertion that a single criminal impulse can warrant only one indictment and sentence is amply met by the Wisconsin court which reminds us that with each intrusion upon the body of a victim in a sexual assault, "a different legislatively protected interest is invaded." *State v. Eisch,* 96 Wis. (2d) 25, 291 N. W. (2d) 800, 806. Equally com-

pelling is the logic of the California court on this point: "A defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act." *People v. Perez,* 23 Cal. (3d) 545, 153 Cal. Rptr. 40, 45, 591 P. (2d) 63, 68.

Appellant contends that the revised South Carolina statute on sexual offenses has effectively precluded separate indictments as here occurred. Section 16-3-651(h), Code of Laws of South Carolina (1976), brings together within the definition of "sexual battery" a number of acts which were formerly proscribed in separate statutory provisions. Appellant views this statutory usage as a merger of otherwise distinct acts into a single criminal violation which cannot be separated for purposes of separate indictment. The argument is novel but neither persuasive nor based upon authority.

We have searched the decisions of other jurisdictions which interpret statutory language comparable to our own for guidance and find that the majority view supports the result here reached. The Wisconsin case of *State v. Eisch, supra,* is representative of this sample. Florida, New Hampshire, and Michigan likewise have statutes placing diverse acts under a single heading of "sexual battery" or "sexual penetration." Cases from those states uniformly hold that successive acts do not merge into one transaction by reason of this definition but on the contrary will support separate indictment and punishment. See *Bass v. State,* Fla. App., 380 So. (2d) 1181, 1183; *State v. Bussiere,* 118 N. H. 659, 392 A. (2d) 151, 153; *People v. Johnson,* 75 Mich. App. 221, 255 N. W. (2d) 207, 209; *People v. Nelson,* 261 N. W. (2d) 299, 310, 79 Mich. App. 303; *People v. Robinson,* 264 N. W. (2d) 58, 62, 80 Mich. App. 559; *People v. Harper,* 269 N. W. (2d) 470, 83 Mich. App. 390.

> Under Section 16-3-651, *et seq.,* Code of Laws of South Carolina (1976), successive acts of "sexual battery", as therein defined, are properly chargeable

as separate offenses. Accordingly judgment of the trial court is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.