497 A.2d 1129

**STATE of Maryland**

**v.**

**Hampton BOOZER.**

**No. 155, Sept. Term, 1984.**

Court of Appeals of Maryland.

Oct. 1, 1985.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Arthur J. Marshall, Jr., State's Atty. for Prince George's County, and Michael V. Kuhn, Asst. State's Atty., Upper Marlboro, on brief), for appellant.

Richard F. Walsh, Lanham (Renahan & Walsh, Lanham, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

McAULIFFE, Judge.

The issue before us is whether a defendant once placed in jeopardy on a charge of committing a fourth degree sexual offense may be subjected to a second prosecution for attempted fourth degree sexual offense when both charges arose out of the same criminal episode but the State alleged separate acts by the defendant in each charging document. We hold that the second prosecution is permitted under the facts of this case.

Hampton Boozer was initially charged in the District Court of Maryland. The statement of charges alleged that the defendant "[d]id engage in a sexual act with [the victim], a person aged 14 and 4 years or more younger than [he]," in violation of Maryland Code (1957, 1982 Repl.Vol., 1984 Cum.Supp.) Art. 27, § 464C, a sexual offense in the fourth degree. Pursuant to Boozer's demand for a jury trial the case was removed to the Circuit Court for Prince George's County, and trial commenced on March 5, 1984. After the jury had been sworn and opening statements made, the State's Attorney became concerned that the charging document might be at variance with the evidence he expected to produce. Specifically, the State's evidence would show that Appellant had inserted his fingers into the victim's vagina, and while this conduct fit the statutory definition of sexual contact the State's Attorney's concern was that it would not be within the definition of a sexual act.[1] He therefore sought leave of the court to amend the statement of charges to allege that the defendant engaged in sexual contact without consent, rather than a sexual act. Appellee's counsel objected, stating that offenses involving sexual contact and those involving a sexual act are "totally different offenses." The trial judge agreed and denied the motion to amend. Thereupon the State's Attorney announced that the State could not proceed "for obvious reasons" and entered a *nolle prosequi*. The defendant did not consent to the entry of the *nolle prosequi*.

A new statement of charges was thereafter filed in the District Court, alleging that Boozer "did unlawfully attempt to commit a sexual offense in the fourth degree to wit: ... did attempt to have vaginal intercourse with [the victim], a female, then 14 years of age, and Hampton Boozer, afore-

---

1. The definitions of "sexual act" and "sexual contact" contained in Art. 27, § 461(e) and (f) each include penetration of the genital opening of another for purposes of gratification or abuse, but they differ in that the penetration required for a sexual act must be by an "object" whereas the penetration for sexual contact may be by any part of a person's body except the penis, mouth or tongue.

said, then being a male 59 years of age," in violation of the common law of Maryland. Boozer again demanded trial by jury and when the case reached the Circuit Court he filed a motion to dismiss, contending that further prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. The motion was granted by Judge Ahalt, who concluded that 1) an attempt to commit a sexual offense in the fourth degree is the same offense as a consummated fourth degree sex offense for double jeopardy purposes, and 2) the offense of sexual offense in the fourth degree by vaginal intercourse is the same offense as the initial charge of engaging in a sexual act, and therefore barred. The State appealed to the Court of Special Appeals and we issued a writ of certiorari prior to consideration of the case by that court.

■ The Fifth Amendment of the United States Constitution provides, in part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb...." The double jeopardy clause is applicable to the states, *Benton v. Maryland,* 395 U.S. 784, 796, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969), and protects not only against multiple convictions and sentences but also against multiple trials for the same offense. *Parks v. State,* 287 Md. 11, 410 A.2d 597 (1980). We have held that the protection against double jeopardy ordinarily bars further prosecution of the same offense when the State enters a *nolle prosequi* without the consent of the defendant after jeopardy has attached. *Thomas v. State,* 277 Md. 257, 261 n. 3, 353 A.2d 240 (1976); *Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975). Jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Boozer has therefore been placed in jeopardy, and may not again be tried for the same offense. Accordingly, the question of what constitutes the "same offense" for double jeopardy purposes is at issue here.

Appellee contends that Art. 27, § 464C creates a single offense, sexual offense in the fourth degree, and that the

State cannot bring more than one charge of sexual offense in the fourth degree as a result of a single criminal transaction or episode. The State contends that § 464C groups at least three separate and divisible types of prohibited conduct which may, but need not be charged as separate offenses. Further, the State maintains that there is no identity of offenses between the first case involving a statutory charge of sexual offense in the fourth degree and the second case involving the common law offense of attempted sexual offense in the fourth degree. We do not reach the question of whether an attempt is the same offense for double jeopardy purposes as the substantive crime attempted [2] because we find the vaginal intercourse prohibited by § 464C is not necessarily the same offense as the sexual act prohibited by the same section, and under the facts of this case it was constitutionally permissible to charge them as separate offenses.

Art. 27, § 464C is a part of the comprehensive legislative package enacted in 1976 to reform and codify this State's rape and sexual offense laws.[3] We reproduce § 464C in its entirety, together with those parts of § 461 (definitions) that are necessary for an understanding the section:

§ 464C. Fourth degree sexual offense.

(a) What constitutes.—A person is guilty of a sexual offense in the fourth degree if the person engages:

(1) In sexual contact with another person against the will and without the consent of the other person; or

(2) In a sexual act with another person who is 14 or 15 years of age and the person performing the sexual act is four or more years older than the other person; or

---

**2.** *See* R. Perkins, *Criminal Law* 552–57 (2d ed. 1969). *See also Grimes v. State,* 290 Md. 236, 429 A.2d 228 (1981); *Lightfoot v. State,* 278 Md. 231, 360 A.2d 426 (1976).

**3.** *See* Note, *Rape and Other Sexual Offense Law Reform in Maryland, 1976–77,* 7 U.Balt.L.Rev. 151 (1977).

(3) In vaginal intercourse with another person who is 14 or 15 years of age and the person performing the act is four or more years older than the other person.

(b) Penalty.—Any person violating the provisions of this section is guilty of a misdemeanor and upon conviction is subject to imprisonment for a period of not more than one year, or a fine of not more than $1,000, or both fine and imprisonment.

§ 461. Definitions.

\* \* \* \* \* \*

(e) Sexual act.—"Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Emission of semen is not required. Penetration, however slight, is evidence of anal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body if the penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party and if the penetration is not for accepted medical purposes.

(f) Sexual contact.—"Sexual contact" as used in §§ 464B and 464C, means the intentional touching of any part of the victim's or actor's anal or genital areas or other intimate parts for the purposes of sexual arousal or gratification or for abuse of either party and includes the penetration, however slight, by any part of a person's body, other than the penis, mouth, or tongue, into the genital or anal opening of another person's body if that penetration can be reasonably construed as being for the purposes of sexual arousal or gratification or for abuse of either party. It does not include acts commonly expressive of familial or friendly affection, or acts for accepted medical purposes.

(g) Vaginal intercourse.—"Vaginal intercourse" has its ordinary meaning of genital copulation. Penetration, however slight, is evidence of vaginal intercourse. Emission of semen is not required.

The problem most often presented in double jeopardy cases is whether the same conduct may be separately prosecuted and punished because it constitutes a violation of two distinct statutory provisions. *See Garrett v. United States*, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981); *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980).

The problem presented by the case before us does not fit the usual mold. Here we must consider whether the Legislature has determined that separate acts by a defendant should not be separately prosecuted and punished.

Initially, it is clear that many of the various acts of criminal conduct grouped together in § 464C historically and customarily have been considered sufficiently separate and distinct from each other to justify separate punishment, even though occurring in close temporal proximity and within the same criminal episode. Prior to the 1976 revision of our rape and sexual offense laws, a defendant in this State could have been separately charged and punished with offenses now grouped within § 464C. For example, a 21 year old defendant who had consensual vaginal intercourse with a 15 year old girl and then engaged in anal intercourse and fellatio with her, and who then forced an object into her vagina or rectum without her consent, could previously have been convicted of separate offenses and given consecutive sentences for three offenses.[4] If Appellee is correct the present statute would permit no more than one convic-

---

4. The voluntary vaginal intercourse was a violation of Maryland Code (1957, 1976 Repl.Vol.) Art. 27, § 464 (carnal knowledge of a female between fourteen and sixteen). The fellatio or anal intercourse violated Art. 27, § 553 or § 554 (sodomy and unnatural or perverted sexual practices.) The forcible penetration by an object would have been punishable as a battery, or as a separate count of unnatural or perverted sexual practice. *See Edmonds, McCarthy & Brumfield v. State*, 18 Md.App. 55, 305 A.2d 205 (1973).

tion of sexual offense in the fourth degree for this series of criminal acts.

Prior to 1976 the two acts alleged to have occurred in this case would have supported separate charges and consecutive sentences. The attempted vaginal intercourse would have been punishable as an attempt to commit carnal knowledge, and the digital penetration punishable as a battery. *Taylor v. State,* 214 Md. 156, 133 A.2d 414 (1957).

The courts of this country have had little difficulty in concluding that separate acts resulting in separate insults to the person of the victim may be separately charged and punished even though they occur in very close proximity to each other and even though they are part of a single criminal episode or transaction.

In one of the leading cases, *People v. Perez,* 23 Cal.3d 545, 153 Cal.Rptr. 40, 591 P.2d 63 (1979), the Supreme Court of California was called upon to interpret a state statute prohibiting punishment for more than one violation arising out of an "act or omission" where multiple sex acts were involved. The facts indicated a brutal attack lasting forty-five minutes to an hour, during which there occurred two instances of vaginal intercourse, cunnilingus, anal intercourse, two instances of fellatio, and the forcing of a metal tube into the victim's rectum and vagina. The defendant contended he should not be punished for more than one of the sex offenses because they were all committed with the single intent and objective of obtaining sexual gratification. In rejecting this contention the California court said:

> Assertion of a sole intent and objective to achieve sexual gratification is akin to an assertion of a desire for wealth as the sole intent and objective in committing a series of separate thefts. To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute's purpose to insure that a defendant's punishment will be commensurate with his culpability. It would reward the

defendant who has the greater criminal ambition with a lesser punishment.

A defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than a defendant who commits only one such act.

*    *    *    *    *    *

None of the sex offenses was committed as a means of committing any other, none facilitated commission of any other, and none was incidental to the commission of any other. *People v. Perez,* 153 Cal.Rptr. at 46–47, 591 P.2d at 68–69 (citations omitted).

In *State v. Frazier,* 185 Conn. 211, 440 A.2d 916 (1981), *cert. denied,* 458 U.S. 1112, 102 S.Ct. 3496, 73 L.Ed.2d 1375 (1982), the Supreme Court of Connecticut rejected a claim that several acts of sexual intercourse with the victim in a short period of time could result in only a single offense of rape, and also rejected a claim that various sexual acts should have been merged. The court said:

There is ample authority holding that each separate act of forcible sexual intercourse constitutes a separate crime. 1 Wharton, Criminal Law & Procedure (1957) § 304; 65 Am.Jur.2d, Rape § 106. A different view would allow a person who has committed one sexual assault upon a victim to commit with impunity many other such acts during the same encounter.

The classic test of multiplicity is whether the legislative intent is to punish individual acts separately or to punish only the course of action which they constitute. *Blockburger v. United States,* 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932).... In this case each assault upon the victim involved a separate act of will on the part of the defendant and a separate indignity upon the victim. Under these circumstances we believe the legislative intention was that each assault should be deemed an additional offense.

In *People v. Brown,* 105 Mich.App. 58, 306 N.W.2d 392 (1981), the Court of Appeals of Michigan upheld a conviction

of two counts of criminal sexual conduct based on two acts of vaginal intercourse occurring during one criminal transaction. The court there said:

> In summary, we find clear language in the [criminal sexual conduct] statute evincing a legislative intent to punish each act of sexual penetration or sexual contact. Further, under the *Blockburger* test, the prosecution must prove one additional fact under each [criminal sexual conduct] charged; that is, the prosecutor must prove at least as many distinct acts of sexual penetration or acts of sexual contact as the number of counts of [criminal sexual conduct]. Therefore, defendant's right against multiple punishment for a single offense was not violated.

In *State v. Steele*, 33 Or.App. 491, 577 P.2d 524 (1978), the Court of Appeals of Oregon upheld convictions of oral and anal sodomy of the same victim occurring within a short period of time. The court stated at 577 P.2d 528–29:

> We do not believe that the convictions for oral and anal sodomy in the first degree merge as constituting but one crime. The victim was exposed to additional fear, humiliation and danger during the second sodomy. We see no reason why we should hold that a man who commits one sodomy may do so again and again to the same victim with impunity.... The defendant's two acts of sodomy constituted two separate crimes, separately punishable.

In *State v. Smith*, 276 S.C. 484, 280 S.E.2d 56 (1981), the Supreme Court of South Carolina upheld convictions of two charges of criminal sexual conduct in the first degree where the facts disclosed compelled acts of sexual intercourse and fellatio within minutes of each other.

In *Hamill v. State*, 602 P.2d 1212 (Wyo.1979), the Supreme Court of Wyoming considered a claim that the defendant could not be tried on separate charges of sexual assault in the first degree where the acts of sexual intercourse, cunnilingus, fellatio and anal intercourse all occurred during the same criminal transaction and involved the same victim. The court determined that the intent of

the Legislature in grouping those offenses within a single section of the newly enacted sexual assault statute was not to prohibit multiple convictions for acts which were physically separate, although a part of the same transaction.

In *State v. Eisch*, 96 Wis.2d 25, 291 N.W.2d 800 (1980), the Supreme Court of Wisconsin held that the defendant could be tried on four separate counts of second degree sexual assault where there was a proffer of evidence to show that during a period of 2½ hours at a single location the defendant committed offenses of genital intercourse and anal intercourse, forced the victim to commit fellatio, and inserted a beer bottle into the victim's genitals. The Wisconsin court posed the question of whether the acts allegedly committed by the defendant "are so significantly different in fact that they may properly be denominated separate crimes although each would furnish a factual underpinning or a substitute legal element for the violation of the same statute." The court held that "by embarking on a course of a different type of intrusion on the body of a victim, a different legislatively protected interest is invaded."

For similar cases in other jurisdictions, *see State v. Hill*, 104 Ariz. 238, 450 P.2d 696 (1969); *People v. Saars*, 196 Colo. 294, 584 P.2d 622 (1978); *Duke v. State*, 444 So.2d 492 (Fla.Dist.Ct.App.1984); *State v. Pia*, 55 Haw. 14, 514 P.2d 580 (1973); *People v. Helton*, 39 Ill.App.3d 672, 349 N.E.2d 508 (1976); *Morris v. State*, 272 Ind. 452, 398 N.E.2d 1284 (1980); *People v. Robinson*, 80 Mich.App. 559, 264 N.W.2d 58 (1978); *State v. Davis*, 624 S.W.2d 72 (Mo.App.1981); *Vaughan v. State*, 614 S.W.2d 718 (Mo.App.1981); *State v. Dennis*, 537 S.W.2d 652 (Mo.App.1976); *State v. Bussiere*, 118 N.H. 659, 392 A.2d 151 (1978); *State v. Ware*, 53 Ohio App.2d 210, 372 N.E.2d 1367 (1977); *Com. v. Romanoff*, 258 Pa.Super. 452, 392 A.2d 881 (1978); *State v. Peacock*, 638 S.W.2d 837 (Tenn.Crim.App.1982); *State v. Carter*, 282 S.E.2d 277 (W.Va.1981).

We have carefully examined the language, structure and legislative history of our recently revised rape and sexual

offense statutes, and we find no evidence of an intent on the part of the Legislature to depart from the well established law of this and other states with respect to a defendant's liability for multiple acts committed against a victim during a single criminal transaction. In codifying the elements and penalties of rape and other sexual offenses into degrees the Legislature intended, among other things, to more carefully tailor the penalty prescribed for each crime to the seriousness of that crime. A frequent complaint under the former law was that the possibility of a life sentence and the absence of degrees of rape made many jurors reluctant to vote for conviction of rape where there were no serious injuries or other aggravating circumstances. As to other sexual offenses, there existed a need to distinguish between consensual and nonconsensual acts of sodomy, to define and classify "unnatural and perverted sexual practices," and to identify as sexual offenses a large and significant area of conduct which theretofore could be charged only as an assault or battery. With respect to the offense of rape the designation of two degrees of seriousness was found sufficient. However, with respect to the other sexual offenses, the Legislature determined that the breadth of the spectrum of prohibited activity was sufficient to justify the establishment of four levels of seriousness. Nowhere in the history of the legislation is there any indication of a desire on the part of the Legislature to curtail the number of charges that might be brought for the purpose of punishing separate acts of misconduct perpetrated upon a single victim.

Other state courts considering claims of multiplicity or double jeopardy as a result of more than one charge brought under a classification or degree of sexual offense seriousness established by statute have reached the same result. *See, e.g., People v. Saars, supra,* 584 P.2d at 629, three counts of sexual assault; *State v. Frazier, supra,* 440 A.2d at 925, three counts of deviate sexual intercourse in the first degree; *People v. Brown, supra,* 306 N.W.2d 392, two counts of first degree criminal sexual conduct; *State v. Bussiere, supra,* 392 A.2d at 153, two counts of sexual

penetration; *State v. Smith, supra,* 280 S.E.2d 56, two counts of sexual conduct in the first degree; *Hamill v. State, supra,* 602 P.2d at 1215–17, three counts of sexual assault in the first degree; *State v. Eisch, supra,* 291 N.W.2d 800, four counts of second degree sexual assault.

We next consider whether our decision in *Jones v. State,* 303 Md. 323, 493 A.2d 1062 (1985), interpreting the consolidated theft statute,[5] mandates the result sought by Appellee. In *Jones* we held the Legislature intended that previously existing larceny-related offenses be consolidated into a single offense known as "theft," which could be committed in any of five different ways. We made it clear there could be no more than one conviction for the same taking of a person's property.

As we pointed out in *Jones,* the intent of the Legislature was expressly stated in the report of the General Assembly's Joint Subcommittee on Theft-Related Offenses, as well as in the statute itself. The subcommittee report stated that "previously existing larceny-related theft offenses are consolidated into this one offense." Art. 27, § 341 specifically provides that conduct designated as theft "constitutes a single crime embracing, among others, the separate crimes heretofore known as larceny, larceny by trick, larceny after trust, embezzlement, false pretenses, shoplifting, and receiving stolen property." There are no analogous statements in the rape and sexual offense statute or in the legislative history of that statute.

Additionally, we point out that the consolidated theft statute did not have the effect of limiting the number of convictions or sentences that might be had or imposed for the wrongful taking of a person's property. The seven crimes subsumed within the new crime of theft were mutually inconsistent, and while they could be separately charged there could not have been a conviction for more than one of them for the taking of the specified property.

---

5. Chapter 849 of the Acts of 1978, codified at Maryland Code (1957, 1982 Repl.Vol.) Art. 27, §§ 340–344.

Historically, the taking of property was in fact a single event to be punished, but the uncertainty of the manner in which the property was taken led to the development of separate crimes, and the concomitant problems of pleading and proof. The consolidated theft statute simply clarified the basic nature of this offense against property, and simplified the procedure for alleging and proving the offense. The same rationale does not apply to the revision of the sexual offense laws. Here, instead of dealing with a single taking of property the Legislature dealt with separate criminal acts resulting in separate wrongs to the person of the victim. The legislative judgments to create a single offense of theft but to preserve the separate identity of separate criminal sexual actions are thus entirely logical and consistent.

In our examination of legislative intent we have not overlooked the fact that the Legislature specifically permitted the use of a short form of charging document in rape and sexual offense cases. Article 27, § 461B provides:

(a) In any indictment, information, or warrant charging rape or a sexual offense, it shall be sufficient to use a form substantially to the following effect:

"That A–B on the ..... day of ....., 19.., in the County (City) aforesaid did unlawfully commit a rape or sexual offense upon C–D, in violation of Article 27, Section (here state section violated), of the Annotated Code of Maryland; contrary to the form of the Act of Assembly in such case made and provided and against the peace, government and dignity of the State."

(b) In any case in which this general form of indictment, information, or warrant is used to charge a rape or a sexual offense, the defendant is entitled to a bill of particulars specifically setting forth the allegations against him.

Appellee argues that the use of the short form is inconsistent with the concept of separate offenses, because the effect of the use of the form is to charge every conceivable offense within the Code section specified, and that such a

pleading would be fatally duplicitous. A similar claim of duplicity was considered and rejected in *State v. Lomagro*, 113 Wis.2d 582, 335 N.W.2d 583, 587 (1983), where the Supreme Court of Wisconsin said:

> This Court has consistently held that acts which alone constitute separately chargeable offenses, "when committed by the same person at substantially the same time and relating to one continued transaction, may be coupled in one count as constituting but one offense" without violating the rule against duplicity. If the defendant's actions in committing the separate offenses may properly be viewed as one continuing offense, it is within the state's discretion to elect whether to charge "one continuous offense or a single offense or series of single offenses." (Citations omitted.)

An election on the part of the State to use the short form, while it may have certain obvious advantages, limits the State to a single conviction and punishment for conduct within the section specified, even though more than one offense embraced by that section may have been committed. A defendant is not prejudiced by this construction of the statute. If charged by use of the short form with a violation of § 464C, without further specification, the defendant will understand he may be convicted of any fourth degree sexual offense, but not more than one. If, as Appellee contends, there is but one offense created by § 464C, a defendant so charged would nonetheless understand he could be convicted of a single charge of fourth degree sexual offense upon proof of any conduct proscribed by that section. Thus, under either construction when the defendant is charged in the general language of the short form, the knowledge and exposure of the defendant is exactly the same.

██ Because the effect of the use of the short form is to conjunctively charge every crime embraced by the specified section, the State could not charge a violation of the same section against a defendant once placed in jeopardy for an offense charged by the short form. In a case involving two

or more criminal acts that have been classified within the same degree of sexual offense (*e.g.*, sequential acts of nonconsensual cunnilingus, fellatio, anal intercourse, and penetration of the vagina by an object, all occurring during the same criminal episode) the State must elect whether to charge each offense separately and specifically, or whether to use the short form. If separate charges are brought there may be separate convictions and punishment,[6] but if the short form is used and a particular offense is not specified there may be but one conviction and punishment for those offenses. As a further protection to the defendant charged by the short form the Legislature has established the right to a bill of particulars as a matter of law. Art. 27, § 461B(b).

In the case before us the State elected not to use the short form of charging document, and instead initially charged the defendant with "engaging in a sexual act with [the victim], a person aged 14 and 4 or more years younger than [he]." Because the defendant was placed in jeopardy pursuant to this charge, he is protected from further prosecution for any "sexual act" with the victim during the encounter of November 22, 1983. He is not protected, however, from prosecution for prohibited vaginal intercourse (or attempted vaginal intercourse) with the victim, because that was not embraced within the charge originally brought against him. Nor was there any requirement that the State join in a single charging document all charges arising out of that criminal transaction. *Cousins v. State,*

---

6. We do not here consider the possibility of a defense on the ground that a single sexual act or contact must be treated as the "same offense" as another because it is an integral part of, or entirely ancillary to the other, *see State v. Reed,* 276 S.E.2d 313, 318–20 (W.Va.1981), or because one was committed with the purpose of effecting the commission of the other, *see People v. Helton,* 39 Ill. App.3d 672, 349 N.E.2d 508, 510 (1976). Appellee has not advanced such an argument, and the facts as alleged in the applications for statements of charges and in the opening statement of the prosecutor reflect separate acts of digital penetration of the vagina followed by the defendant getting on top of the victim and attempting vaginal intercourse.

277 Md. 383, 389–97, 354 A.2d 825, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976). Finally, Appellee contends the second prosecution is barred by the doctrine of *res judicata.* In *Cook v. State,* 281 Md. 665, 668–69, 381 A.2d 671 (1978), *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978), we said:

> [U]nder the doctrine of res judicata, sometimes known as direct estoppel, a final and valid judgment rendered in one proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or could have been decided in the original litigation, where the second proceeding involves the same subject matter as the first cause of action....
>
> ... [U]nder the final adjudication rule, res judicata and collateral estoppel do not apply absent some prior final determination of law or fact.

By virtue of the entry of a *nolle prosequi* at the conclusion of the opening statements there was no final determination of law or fact, and the doctrine of *res judicata* is not applicable.

ORDER OF DISMISSAL ENTERED BY THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED AND CASE REMANDED TO THAT COURT FOR TRIAL; APPELLEE TO PAY THE COSTS.