**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Anthony Gilbert, Appellant.

Appellate Case No. 2021-000599

---

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-072
Submitted February 1, 2024 – Filed March 13, 2024

---

**AFFIRMED**

---

Clarence Rauch Wise, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:** Mark Anthony Gilbert appeals his convictions and aggregate sentence of twenty-five years' imprisonment for four counts of second-degree criminal sexual conduct with a minor (CSCM). On appeal, Gilbert argues the trial court erred in (1) refusing to quash his four indictments as multiplicitous; and (2)

sentencing him to a consecutive five-year term of imprisonment on one count instead of ordering the sentence be served concurrently with the other sentences. We affirm pursuant to Rule 220(b), SCACR.

1.  We find the trial court properly denied Gilbert's motion to quash the indictments for multiplicity.  *See State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Whitner*, 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012) ("Questions of statutory interpretation are questions of law, which are subject to *de novo* review and which we are free to decide without any deference to the court below.").  Although the indictments covered the same time period, each indictment described a different kind of sexual battery committed against the victim: sexual intercourse, digital penetration, penetration by an object, and fellatio.  At trial, the State presented evidence that Gilbert engaged in one form of sexual battery for a period of time before eventually engaging in another form of sexual battery.  Therefore, the indictments were not multiplicitous.  *See State v. Smith*, 276 S.C. 474, 486, 280 S.E.2d 56, 57 (1981) (holding various instances of sexual battery do not merge "into a single criminal violation," but are successive acts supported by separate indictments and punishments).

2.  We find the trial court did not abuse its discretion in sentencing Gilbert to a consecutive five-year sentence on one count of second-degree CSCM.  *See Gordon*, 414 S.C. at 98, 777 S.E.2d at 378 ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Jacobs*, 393 S.C. 584, 586, 713 S.E.2d 621, 622 (2011) ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law . . . ." (quoting *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 541 (2010))).  Each indictment alleged a separate, distinct instance of sexual battery: digital penetration, penetration of the vagina with an object, fellatio, and sexual intercourse; and the elements of each offense are different.  *See Smith*, 276 S.C. at 486, 280 S.E.2d at 57 (holding various instances of sexual battery do not merge "into a single criminal violation," but are successive acts supported by separate indictments and punishments); *State v. Moyd*, 321 S.C. 256, 258, 468 S.E.2d 7, 9 (Ct. App. 1996) ("A defendant may be severally indicted and punished for separate offenses without being placed in double jeopardy where a single act consists of two 'distinct' offenses."); *State v. Jolly*, 405 S.C. 622, 626-27, 749 S.E.2d 114, 117 (Ct. App. 2013) ("The test for determining whether there are two offenses is whether each of the statutory provisions requires proof of a fact that the other does not.  Thus, to determine whether double jeopardy has been violated, the court must examine whether the

offenses have the same elements.") (citations omitted); *State v. Greene*, 423 S.C. 262, 279-82, 814 S.E.2d 496, 504-06 (2018) (explaining the appellant's conviction of involuntary manslaughter could not stand in conjunction with her homicide by child abuse conviction because multiple punishments "for a single homicide committed by a single defendant" violate double jeopardy and due process principles).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.